BROOKS T. LA ROSE, by FREDERICK J. LA ROSE, His Guardian ad Litem, Appellant, *v.* SHAUGHNESSY ICE COMPANY, Respondent.

Third Department, July 7, 1921.

**Motor vehicles — action to recover for injuries to boy received while jumping from motor truck, being driven by unlicensed chauffeur — boy, who was riding with permission of driver, not trespasser — unlicensed chauffeur presumed to be incompetent — negligence to employ such person.**

The plaintiff, a boy about ten years of age, was not a mere trespasser at the time of his injury, where it appeared that during a street parade the plaintiff and another boy climbed onto defendant's motor truck and rode thereon with the permission of the driver, an unlicensed chauffeur, and

that the driver slowed down the car, at the same time telling the boys to get off, but before the plaintiff could do so the driver increased the speed of the car and the plaintiff fell off, rolled under the car and was seriously injured.

A person who is under eighteen years of age is presumed to be incompetent to drive a motor vehicle, and the employment of such a driver by the defendant, in violation of subdivision 2 of section 282 of the Highway Law, constituted negligence.

It was negligence on the part of the driver to carry the plaintiff in the first place, and the defendant having employed a known incompetent chauffeur, it was chargeable with the primary negligence and with the result which followed, because it must be presumed that if the car had been properly operated for the purposes for which it was designed the accident would not have happened.

It was negligence to permit the plaintiff to be on the car and, being thereon to the knowledge of the person in charge, it was little short .of wanton disregard .of human life to command him to get off and then increase the speed of the car as he was about to comply with the command.

APPEAL by the plaintiff, Brooks T. La Rose, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Rensselaer on the 4th day of June, 1920, upon the dismissal of the complaint at the close of plaintiff's case.

*Thomas F. Galvin,* for the appellant.

*Thomas F. Powers,* for the respondent.

WOODWARD, J.:

The plaintiff, a boy about ten years of age, appearing by his guardian *ad litem,* was seriously injured on the 28th day of September, 1918, in the city of Troy, while alighting from an automobile truck. In company with a boy fifteen years of age, who had been sent by the plaintiff's father to look after him, the plaintiff, in returning from a Liberty Loan parade, climbed upon an automobile truck owned and operated by the defendant, and in the immediate charge of one Harold Esmond, who was at the time about sixteen years of age. The plaintiff climbed upon the seat with the driver, rode there for some distance, when he changed positions with his companion, the latter getting upon the seat, while the plaintiff took his place upon the running board. This change of position appears to have taken place two or three times. At

the immediate time of the accident the plaintiff was on the running board of the car, which was passing along Fifth avenue from First to Fifth street. As the car approached Fifth street Esmond slowed down tne car, called " All off," and the plaintiff, in obedience to the suggestion, let go of one of the iron bars to which he was clinging, and prepared to alight. While in this position Esmond increased the speed of the car, turning into Fifth street, and the plaintiff fell off, rolling under the car in such a manner as to be run over and seriously injured. At least there is evidence from which the jury might find these facts, and the appellant is entitled, on a judgment of nonsuit, to the most favorable view of the testimony which the jury might properly take.

It seems to us entirely clear that the plaintiff is not subject to the treatment of a mere trespasser; that the defendant owed him a higher duty than to merely refrain from doing him a wanton injury. The city was astir with the crowd which had assembled to witness a parade; the street cars and public busses were crowded to overflowing, and these boys, with others, were permitted, if not invited, to ride upon the defendant's truck. While it appears that they climbed upon the car from the rear there is no legitimate reason for assuming that this was done without the knowledge of the driver of the car, for both of these boys climbed upon the seat with him and rode for considerable distances, and the plaintiff's companion appeared to know the driver. Knowing their presence upon the car, the driver slowed down, told them all to get off, and then, without giving them an opportunity to do so, he increased the speed and the result complained of followed. Can it be said that a driver of mature years would be discharging the obligations of the defendant under these circumstances? We think not.

Subdivision 2 of section 282 of the Highway Law (added by Laws of 1910, chap. 374, as amd. by Laws of 1917, chap. 769)* provides that " No person shall operate or drive a motor vehicle who is under eighteen years of age, unless such person is accompanied by a duly licensed chauffeur or the owner of the motor vehicle being operated." It is obvious that the Legislature,

---

* Since amd. by Laws of 1919, chap. 472.— [REP.

which might have excluded such motor vehicle from the highways altogether, had a right to prescribe the conditions on which it might be operated, and that it attempted to place such vehicles in charge of responsible persons; there must be a licensed chauffeur or the owner of the car present at all times in order that the vehicle could be lawfully operated. In other words, the Legislature deemed it important that motor vehicles should be in the immediate charge of persons of mature years and responsibility, and the defendant's negligence in the present case consists in employing a person whom the law presumes to be incompetent. Presumably, if the owner of this truck, designed for carrying heavy loads, had been personally present he would not have permitted a lot of boys to get upon it and to change positions as the plaintiff and his companion did while the car was in motion, and this would have been, or should have been, the case if the car had been in charge of a duly licensed chauffeur. It was negligence on the part of the driver to carry these boys in the first instance, and the defendant having employed a known incompetent chauffeur it was chargeable with the primary negligence, and with the results which followed; because it must be presumed that if the car had been properly operated for the purposes for which it was designed the accident would not have happened. The defendant cannot be heard to say, while operating its car in violation of law, that it owed the plaintiff no higher duty than that which it owed to a mere trespasser. The defendant itself was a trespasser upon the public highways, because it had its car there in violation of law, and the rule has been recognized from an early day in the jurisprudence of this State that "' No cause of action can arise from an undertaking prohibited by statute, whether the contract is *malum in se*, or *malum prohibitum*. (*Peck* v. *Burr*, 10 N. Y. 294, 299)' " (*Village of Fort Edward* v. *Fish*, 156 N. Y. 363, 373), and it may be doubted whether the plaintiff's alleged contributory negligence could be availed of by a defendant who produced the accident in the very act of violating the provisions of a positive statute. It was negligent to permit the boys to get onto this car; it may not be assumed that they would have been permitted to be on the car if it had been lawfully operated. Being upon the car, to the

knowledge of the person in charge, it was little short of wanton disregard of human life to command them all to get off and then increase the speed of the car around a corner, as the evidence shows was done in the present case. We can hardly conceive of a mature and competent person doing what the defendant's unlawful chauffeur did in the present instance, and we cannot believe that the law is satisfied by the judgment in this case. The plaintiff clearly presented evidence entitling him to go to the jury, and it was error to grant the motion of the defendant. It does not seem necessary to review the authorities cited by the appellant, though it seems clear that the case of *Gallenkamp* v. *Garvin Machine Co.* (91 App. Div. 141), as finally disposed of upon the dissenting opinion of INGRAHAM, J. (179 N. Y. 588), foreshadows the conclusion here reached, and that it is in harmony with the spirit of the law generally.

The judgment appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment reversed and new trial granted, with costs to the appellant to abide event.