THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MICHAEL ANGELO, Defendant.

Supreme Court, Erie County, February 5, 1926.

Crimes — manslaughter, second degree — application for certificate of reasonable doubt — defendant's automobile collided with another automobile at street intersection and killed passenger therein — need for judicial interpretation of term " culpable negligence " as used in Penal Law, § 1052, warrants granting certificate of reasonable doubt.

Defendant, convicted of manslaughter, second degree, after a trial at which it was shown that while driving an automobile over a street intersection he collided

with another automobile in which there was a passenger, and threw the person therein from the car, instantly killing her, is entitled to a certificate of reasonable doubt, in view of the uncertainty of the meaning of the term " culpable negligence " as set out in section 1052 of the Penal Law.

APPLICATION for a certificate of reasonable doubt by defendant, who was, on the 19th day of January, 1926, at a regular Criminal Term of this court, convicted of manslaughter, second degree.

*Guy B. Moore, District Attorney,* and *John J. Kane, Assistant District Attorney,* for the plaintiff.

*Michael J. Montesano* [*James O. Moore* of counsel], for the defendant.

HINKLEY, J.   On the morning of November 1, 1925, at about two o'clock, the defendant, driving a large Cadillac automobile south in Elmwood avenue, ran into a Ford automobile going west on West Ferry street at the intersection of the two streets.   The Ford automobile was being driven by a young man named John Healy, and a young girl passenger in the Ford automobile, named Veronica Fee, was thrown out, her skull torn open and she was instantly killed.

Upon the trial the court was required to define the term " culpable negligence " set forth in section 1052 of the Penal Law as constituting one of the elements of the crime of manslaughter in the second degree.   In the main body of its charge " culpable " was defined by the court as synonymous with " blameworthy " and " negligence " was defined as " ordinary negligence."   The request to charge that unless defendant was guilty of gross negligence, he must be acquitted, was denied.   The court charged that defendant must be acquitted if guilty of slight negligence only in the event that the jury did not find such slight negligence to be culpable or blameworthy.

Upon an appeal in this case there would, therefore, be presented three questions, all involving a proper definition and determination of " culpable negligence " as contained in the penal statute, to wit:

*First.* Does culpable negligence mean gross negligence?

*Second.* Does culpable negligence mean slight or ordinary negligence?

*Third.* Should the jury determine in a given case whether negligence, if it exists, be it gross, slight or intermediate, is culpable or not?

Literal, statutory interpretation makes any homicide, whether occasioned by slight or gross negligence, manslaughter.   Judicial construction that the term " culpable negligence " implies some-

thing more than ordinary or slight negligence would leave an arbitrary, undefined, undetermined and unmeasured gap in the statutory definition of manslaughter. The court would then excuse a homicide committed by one guilty of slight negligence, whatever that might mean, who would not be excused under the wording of the statute.

Section 1042 of the Penal Law defines homicide as follows, to wit: "Homicide is the killing of one human being by the act, procurement or omission of another."

Section 1043 of the Penal Law classifies homicide as follows, to wit: "Homicide is: 1. Murder; or, 2. Manslaughter; or, 3. Excusable homicide; or, 4. Justifiable homicide."

Section 1055 of the Penal Law justifies the taking of human life under certain specified conditions, with which we are not now concerned.

Section 1054 of the Penal Law defines excusable homicide as follows, to wit: "Homicide is excusable when committed by accident and misfortune, in lawfully correcting a child or servant, or in doing any other lawful act, by lawful means, with ordinary caution, and without any unlawful intent."

Section 3 of the Penal Law (subd. 1) is as follows, to wit: "Each of the terms 'neglect,' 'negligence,' 'negligent' and 'negligently,' imports a want of such attention to the nature or probable consequences of the act or omission as a prudent man ordinarily bestows in acting in his own concerns."

Section 1049 of the Penal Law indicates in no uncertain manner that the Legislature intended no gap between an accidental homicide committed without any unlawful intent by lawful means with ordinary caution and a criminal homicide or manslaughter committed by an act or omission of ordinary negligence.

That section, to wit, section 1049 of the Penal Law, is as follows, to wit: "In a case other than one of those specified in sections ten hundred and forty-four [murder, first degree], ten hundred and forty-six [murder, second degree] and ten hundred and forty-seven [duel fought out of state], homicide, not being justifiable or excusable, is manslaughter."

"It is impossible to give the measure of culpable negligence for all cases, as the degree of care required depends upon the subjects to which it is to be applied. (*First Nat. Bank* v. *Ocean Nat. Bank*, 60 N. Y. 278.) What would be slight neglect in the care of a quantity of iron might be gross neglect in the care of a jewel." (*Hun* v. *Cary*, 82 N. Y. 65, 71.)

It is this impossibility to give a measure of negligence for all cases which has led many judges to refuse to define the various

terms, such as the " highest degree of care," " ordinary care," " gross negligence," and " slight negligence." Jurors are instructed to fix liability in each case by comparing the act or omission charged with the care of an ordinarily prudent person in the conduct of his own affairs under similar conditions. Thus each case depends upon its own particular circumstances, and ordinary care may range from the slightest to the highest degree. " The performance of the duty of ordinary care often requires the exercise of a very high degree of care when that is necessary to be commensurate with danger apparent or to be apprehended and guarded against; and ordinarily it should be left to the jury to determine what degree of care will constitute ordinary care in a given situation." (*O'Brien* v. *New York Rys. Co.*, 185 App. Div. 867, 872.)

On the one hand, we have the statute positively designating every homicide other than murder not excusable and justifiable as manslaughter, which would include the killing of a human being by an act or omission of ordinary negligence. Yet in the definition of manslaughter in the second degree (Penal Law, § 1052) there has been added by the Legislature a word so far incapable of judicial definition, to wit, " culpable."

The term " culpable negligence " has been defined as ordinary negligence by one authoritative decision, as follows: " No definition of culpable negligence  *  *  *  implies any malice or recklessness or anything further than a failure to exercise the care which a reasonable prudence would suggest." (*Noonan* v. *Luther*, 119 App. Div. 701, 703.)

There is authority for the position that after a jury has determined that a homicide was committed by the negligent act of the defendant, it would still be for a jury to determine as a fact whether the negligent act was culpable or blameworthy under the particular circumstances of the case on trial. (*People* v. *Buddensieck*, 4 N. Y. Cr. 230, 264; affd., 103 N. Y. 487, 502; *Glens Falls Cement Co.* v. *Travelers' Ins. Co.*, 11 App. Div. 411, 416.)

So long as negligent homicide occurred only in a few isolated cases, jurors acquitted except in rare cases of wanton recklessness. " That the motor vehicle, on account of its size and weight, of its great power and of the great speed which it is capable of attaining, creates, unless managed by careful and competent operators, a most serious danger, both to other travelers on the highway and to the occupants of the vehicles themselves, is too clearly a matter of common knowledge to justify discussion. The fatalities caused by them are so numerous as to permit the legislature, if it deemed it wise, to wholly forbid their use." (*People* v. *Rosenheimer*, 209 N. Y. 115, 121.)

Human life demands the utmost protection of the law. In the light of this modern, serious danger to life and limb, increasing in proportion to increased population, it would seem that every operator of an automobile should be charged with the care of an ordinarily prudent person, and when homicide results from such operation, courts and juries must be depended upon to determine justly whether the act or omission of negligence was so trifling as not as to be culpable or blameworthy, even though every violation of a State statute is *prima facie* evidence of negligence.

Judicial construction by an appellate court of section 1052 of the Penal Law is necessary for the future guidance of courts and juries. There is sufficient indicated in this opinion for the consideration of the appellate tribunal, and a certificate of reasonable doubt is, therefore, granted, with proper bail to be fixed in such certificate.

Ordered accordingly. _____