JOHN CORBETT, an Infant, by ALICE B. CORBETT, His Guardian ad Litem, Respondent, *v.* LEROY SCOTT, Appellant.

Negligence — motor vehicles — highways — trespass — operation of motorcycle by boy under sixteen years of age — injury from collision with defendant's automobile — charge that jury may find boy free from contributory negligence if age in no way contributed to accident proper — boy not a trespasser on highway because of his operation of motorcycle in violation of law.

1. In an action to recover for personal injuries received by a boy operating a motorcycle while under the age of sixteen years, through a collision with defendant's automobile, where it appears that he had had three years' experience in operating motorcycles but had obtained his license to operate by falsely representing his age, it was proper for the trial justice to charge the jury in substance that plaintiff was *prima facie* guilty of negligence in operating the motorcycle when under the age of sixteen years but that the jury might find him free from contributory negligence if his immature age in no way contributed to the happening of the accident. (*Martin* v. *Herzog*, 228 N. Y. 164; *Brown* v. *Shyne*, 242 N. Y. 176, followed.)

2. A contention that plaintiff was a trespasser on the public highway because he was, by reason of his age, operating his motorcycle in violation of law, and, therefore, defendant was not liable for mere negligence, but that some reckless or willful act must be shown, cannot be sustained. The effect intended by the statute (Highway Law, § 302, subd. 2) was to protect the public from the dangers which might arise from unskilled operation of a motorcycle by persons under the age of sixteen years rather than to outlaw all youthful drivers, however competent. It does not declare him to be a trespasser or single him

out for peculiar penalties. The illegal element should not be allowed to offset the cause of action where it is irrelevant to the result.

*Corbett* v. *Scott,* 215 App. Div. 763, affirmed.

(Argued May 6, 1926; decided May 25, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 22, 1925, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*Barnett Cohen, William E. Lyons* and *Frank J. O' Neill* for appellant. Plaintiff's willful violation of the express provision of the Highway Law defeats his right to a recovery. (*Amberg* v. *Kinley,* 214 N. Y. 531; *Atkinson* v. *Newcastle & Gateshead W. W. Co.,* L. R., 2 Exch. Div. 441; *Taylor* v. *L. S. & M. S. Ry. Co.,* 45 Misc. 74; *Knupfle* v. *Knickerbocker Ice Co.,* 84 N. Y. 488; *Martin* v. *Herzog,* 228 N. Y. 164; *Racine* v. *Morris,* 201 N. Y. 240; *Schultz* v. *Morrison,* 91 Misc. Rep. 248; 172 App. Div. 940; *Wiley* v. *Mulledy,* 78 N. Y. 310; *Horton* v. *N. Y. C. R. R. Co.,* 205 App. Div. 763; *Clark* v. *Doolittle,* 205 App. Div. 697.)

*Thomas J. O' Neill* and *Leonard F. Fish* for respondent. The fact that the plaintiff was riding upon the street in violation of the Highway Law does not defeat a recovery for injuries sustained through the culpable negligence of the defendant. (*Clark* v. *Doolittle,* 205 App. Div. 697; *Zagier* v. *Express Co.,* 171 N. C. 692; *Switzer* v. *Sherwood,* 80 Wash. 19; *Scorsoni* v. *Pittsburgh Co.,* 272 Penn. St. 253; *Crosem* v. *R. R. Co.,* 158 Ill. App. 42; *Page* v. *Mayor, etc.,* 216 Pac. Rep. 31; *Stock* v. *General Baking Co.,* 223 S. W. Rep. 89; *Muller* v. *West Jersey St. R. Co.,* 122 Atl. Rep. 693; *St. Louis R. Co.* v. *Price,* 244 S. W. Rep. 642; *Martin* v. *Herzog,* 228 N. Y. 164.)

POUND, J. The case comes up on leave to appeal granted by the Appellate Division on a question of law not heretofore directly passed on by this court.

The plaintiff, while operating a motorcycle, was run into by defendant's automobile and injured. At the time of the accident he was under the age of sixteen years. He had a license to operate his motorcycle which he had obtained by falsely representing his age. He had had three years of experience in operating motorcycles. Highway Law (Cons. Laws, ch. 25), § 302, subd. 2, provides: " Age of operator. No person shall operate or drive a motorcycle who is under sixteen years of age." He was, therefore, chargeable with a misdemeanor (a) in making a false statement in his application for a license (Highway Law, § 290, ¶ 7); (b) in operation of the motorcycle in violation of law. (Highway Law, § 308.) For the latter offense he would be punishable with a fine not exceeding $25. Article XI-A of the Highway Law (§ 300) provides: " except as herein otherwise expressly provided, this article shall be exclusively controlling * * * 4. On the punishment for the violation of any of the provisions of this article."

The trial justice charged the jury in substance that plaintiff was *prima facie* guilty of negligence in operating the motorcycle when under the age of sixteen years but that the jury might find him free of contributory negligence if his immature age in no way contributed to the happening of the accident. In so doing he followed the rule laid down in *Martin* v. *Herzog* (228 N. Y. 164). That was a case where the plaintiff's intestate was traveling in a buggy without lights after sunset which was struck by defendant's automobile. We held that the omission of lights was culpable and may or may not have been a contributing cause of the injury; the question was for the jury. The rule was again stated in *Brown* v. *Shyne* (242 N. Y. 176), where the court had under consideration the question of negligent treatment by a chiropractor practicing medicine without a license, as follows: " Breach or neglect of duty imposed by statute or ordinance may be evidence of negligence only if there is logical connection between

the proven neglect of statutory duty and the alleged negligence." To charge otherwise was held to be error; the jury might not infer negligence producing injury merely from the violation of the statute, although such violation may be shown, if relevant, in connection with other facts. Breach of statutory duty may in some cases create liability *per se*, either for negligence because the Legislature has established the line of causation between violation of statute and injury, or without regard to negligence. (*Karpeles* v. *Heine*, 227 N. Y. 74.) It may be difficult to assign a given case to its proper classification in this regard (*Martin* v. *Herzog, supra*) but the general rule was properly applied in this case.

The appellant goes further. He presents the question whether the plaintiff was a trespasser on the public highway because he was, by reason of his age, operating his motorcycle in violation of law. If so, it is contended that defendant was not liable for mere negligence; that some reckless or willful act must be shown. This point was not raised or reached in *Martin* v. *Herzog* (*supra*). A wide range of opinion is expressed in different jurisdictions on the fundamental principle involved. The rights of those who traveled on Sunday in violation of law have frequently been considered. SHAW, C. J., in *Bosworth* v. *Inhabitants of Swansey* (10 Met. 363, 365) said: " That act of the plaintiff (*i. e.*, driving on business on the Lord's Day) in doing which the accident occurred, was plainly unlawful * * *; and this would be a species of fault on his part. It would show that his own unlawful act concurred in causing the damage complained of." But New York, not viewing the violation of the Sunday laws as so grievous an offense as did its Puritanical neighbor, took the contrary view. DANFORTH, J., in *Platz* v. *City of Cohoes* (89 N. Y. 219) gives cogent reasons why the trivial offense of traveling on Sunday for pleasure should not defeat a right of recovery when one is injured by the negligence of another. " It

must appear that the disobedience contributed to the accident, or that the statute created a right in the defendant, which it could enforce. * * * The traveller is not declared to be a trespasser upon the street, nor was the defendant appointed to close it against her. * * * The act of travel is not one which usually results in injury. * * * At common law the act was not unlawful, and the plaintiff was still under its protection."

So Massachusetts (*Dudley* v. *Northampton Street Railway Co.*, 202 Mass. 443) applied the rule to a person operating an unlicensed automobile in violation of statute and held that he is a trespasser on the highway and may not recover for any injury to himself or his car unless the injury is caused by some reckless, wanton or willful act. Why? Automobiles whose appearance is frightful to most horses that are unaccustomed to them, introduce a new element of danger and great care should be exercised to protect the public. But Massachusetts protects the competent operator, although unlicensed, and makes a distinction between the unlicensed car and the unlicensed operator. The machine is an outlaw by reason of its terrifying and dangerous character and those who operate it are trespassers. The unlicensed operator is not a trespasser. He is not *per se* terrifying or dangerous. (*Bourne* v. *Whitman*, 209 Mass. 155; and see *Clark* v. *Doolittle*, 205 App. Div. 697.)

The specific question arises as to the object of the statute prohibiting all persons under the age of sixteen years from operating motorcycles. Is it for the promotion of public order or for the protection of individuals who may be injured? The wrongdoer may be punished by a fine of $25. Does the Highway Law contemplate a further penalty or does it levy but one penalty? By its terms (§ 300, *supra*) it is exclusively controlling. The verdict herein and the unanimous affirmance by the Appellate Division place plaintiff before us as one who was not only competent but careful. If he

were an adult we would unhesitatingly hold that his violation of the law was evidence of negligence only in relation to his fitness to operate the motorcycle and that if his illegal act had no tendency to cause the accident he would come within the rule in *Brown* v. *Shyne* (*supra*).

But it is urged that the State has sought to remove entirely the dangers incident to operation of motorcycles by the young. (*Karpeles* v. *Heine, supra; La Rose* v. *Shaughnessy Ice Co.*, 197 App. Div. 821.) Again we find the results flowing from violation of the statute are in themselves of slight importance compared with their possible effect on the civil rights of the violator and that the statute does not declare him to be a trespasser or single him out for peculiar penalties. Again the illegal element should not be allowed to offset the cause of action where it is irrelevant to the result. If one who operates a motorcycle while under the age of sixteen years is a trespasser, it would follow that the violator of any of the terms of the Highway Law would also be a trespasser and that even the failure to display proper lights and sound proper signals would outlaw the operator of a motor vehicle. No such absurd result would be for a moment tolerated.

The difficulties in drawing the line between those breaches of statutory duty which create or defeat a cause of action and those which may be merely a contributing cause of injury must be met as they present themselves. It seems clear that the effect intended by the statute before us was to protect the public from the dangers which might arise from unskilled operation of a motorcycle by persons under the age of sixteen years rather than to outlaw all youthful drivers, however competent; to create a presumption of unskillfulness or lack of proper care on the part of one who violates the statute which may be rebutted by showing that such a one was in

fact in the exercise of reasonable care when injured through another's negligence.

The judgment should be affirmed, with costs.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE and LEHMAN, JJ., concur; ANDREWS, J., absent.

Judgment affirmed.