THEODORE SEITZ, Respondent, *v.* YATES LEHIGH COAL COMPANY, Appellant.

Supreme Court, Erie County, December 28, 1931.

*Rann, Vaughan, Brown & Sturtevant,* for the appellant.

*William J. Sernoffsky,* for the respondent.

HINKLEY, J. The plaintiff, on a slippery day, was driving his automobile east on Broadway toward Michigan avenue, upon or astride the most southerly rail of the east-bound car track. The defendant's truck, having backed up to the north curb of Broadway west of Michigan avenue, had discharged its load and pulled across in or toward the path of the plaintiff's car. The two most seriously contested issues were the speed of plaintiff's automobile and the position of the defendant's truck. There is sufficient evidence if given credence to sustain the verdict of the jury.

The defendant contends correctly that the plaintiff at the

time of the accident was subject to an ordinance of the city of Buffalo limiting his speed to twenty miles an hour; that the City Court of Buffalo was required to take judicial notice of such ordinance and that no reference was made to the ordinance in the main charge of the court to the jury.

The defendant contends that to supply the omission of the court, its trial counsel made the following request and that the denial of that request was so substantially prejudicial as to call for a reversal of the judgment: " Mr. Wolf: I ask the Court to charge the jury that the speed limit at the point of the accident was twenty miles per hour and if the plaintiff was exceeding this, the jury might find he was guilty of negligence. The Court: No, I refuse so to charge. Mr. Wolf: Exception."

The request was not a technical catch phrase but was a proper request and its refusal was error. The court was not asked to charge that the jury must find that the plaintiff was guilty of negligence nor that the plaintiff could not recover. There was no necessity that the request make reference to proximate cause. Had the request been granted as was required, the next request very properly and probably would have been that if such excessive speed was found and it was a proximate cause, the plaintiff could not recover. The granting of the latter request would have been required of the court and with a definition of proximate cause in its application to the facts as the jury might find them, the omission of the court in its main charge would have been properly supplied.

The courts have clearly held that a violation of a State statute constitutes an act of negligence or is negligence *per se*. The courts have been loath to extend that rule to ordinances and rules lest individual conduct be subject to too frequent changes without proper opportunity for individuals to become acquainted with each change. State statutes, particularly in reference to speed, are, in all cities and large villages, superseded by ordinances which are laws within their sphere of operation. (*Martin* v. *Herzog*, 228 N. Y. 164, 169.) Evidently in the light of later decisions hereinafter referred to, the highest court has determined that the " some evidence rule " has become too deeply rooted to be abandoned even if it be thought illogical. Trial courts must continue, as in seeking a definition of " culpable negligence " (*People* v. *Angelo*, 126 Misc. 448; revd., 219 App. Div. 646; App. Div. decision affd., 246 N. Y. 451), to find their anchors somewhere in the vacillating nebulous, limitations and definitions of degrees of human care which seem to have no legalistic formula for division save that of each case for itself to be met as each presents itself. (*Corbett* v. *Scott*, 243 N. Y. 66.)

The courts have not always chosen exact language in distinguishing between negligence and liability and in negligence as a matter of law and of fact. The following excerpts might seem to indicate that a violation of an ordinance, no matter how flagrant nor how dangerous or reckless, could not constitute negligence even as a fact. The violation of a municipal ordinance, though not of itself sufficient to create a liability, was a circumstance to be taken into account. (*Fluker* v. *Ziegele Brewing Co.*, 201 N. Y. 43.) The violation of a statute under certain circumstances *may* of itself establish negligence. *Not so*, however, with a rule or *ordinance*. (*Schumer* v. *Caplin*, 241 N. Y. 346, 351.) The mere failure to muzzle a dog cannot be held in itself to constitute negligence. (*Hyland* v. *Cobb*, 252 N. Y. 326.) In *Schumer* v. *Caplin* (*supra*) the court said that " The violation of the rule of the Commission which the learned judge read to the jury, since it did not have the force of a statute, did not constitute negligence as a matter of law. A correct charge in this respect would have been that the violation of this rule did not establish negligence *per se* but was simply some evidence of negligence which the jury could take into consideration with all the other evidence bearing on that subject."

The latter suggestion is just as appropriate in an action involving a violation of a statute.

" Breach or neglect of duty imposed by *statute* or *ordinance* may be evidence of negligence only if there is logical connection between the proven neglect of statutory duty and the alleged negligence." (*Corbett* v. *Scott*, 243 N. Y. 66, 68, 69.) (Italics are writer's.)

None of these cases nor any others called to the court's attention have held, however, that a jury might not find that the act constituting the violation of an ordinance was negligent. The plaintiff was required in the instant case to establish his freedom from contributory negligence by a fair preponderance of the evidence. The trial court had omitted to charge with reference to the speed ordinance which, like a statute, was a law within its sphere of operation and a violation of its provision upon the part of the plaintiff was some evidence of his negligence. The refusal of the trial court to charge that if the plaintiff was exceeding the speed limit fixed by ordinance, the jury might find he was guilty of negligence was tantamount to an instruction that the jury could not take the ordinance or its violation into consideration.

Judgment of the lower court reversed and a new trial granted, with costs to the defendant to abide the event.