VINCENZO LO GALBO, an Infant under Fourteen Years of Age, by SALVATORE LO GALBO, His Guardian ad Litem, Respondent, v. COLUMBIA CASUALTY COMPANY, Appellant.

Second Department, February 29, 1932.

*Everett F. Warrington,* for the appellant.

*Jacquin Frank,* for the respondent.

CARSWELL, J. Plaintiff obtained a judgment against one Cappellani. It was for personal injuries received as a consequence of the fall of an iron beam from the top of a pile of beams in front of 88 Van Siclen street, Brooklyn.

Cappellani became insolvent. He had a policy of indemnity insurance from the Columbia Casualty Company. Plaintiff, pursuant to the Insurance Law, section 109, began this action to recover the amount of the judgment from the defendant, Columbia Casualty Company.

The casualty company interposed an answer to the complaint, setting up a defense that the judgment was not one within the policy's coverage, because the policy had a clause therein, reading: " 5. The foregoing agreements shall apply only to such bodily injuries as are sustained or alleged to have been sustained  *  *  * by any person or persons  *  *  *  as the result of an accident *caused* (a) by and during the prosecution of the work let by the Assured to independent contractors or to independent sub-contractors  *  *  *  or (b) *by the existence of materials* intended for such work placed upon the premises  *  *  *  *or lawfully maintained upon the ways adjacent thereto.*"

The casualty company annexed to its answer the original and supplementary complaints in the negligence action, to show that unlawful use of the sidewalk was invoked as a ground for recovery against its assured, Cappellani.

The plaintiff then moved for summary judgment under rule 113 of the Rules of Civil Practice.

The defendant interposed an affidavit in opposition, to which was annexed the minutes of the negligence trial against Cappellani.

The Special Term granted the motion, and from the order and judgment entered thereon the defendant appeals.

An examination of the pleadings, the testimony and the charge of the court in the negligence action of Lo Galbo v. Cappellani discloses that the plaintiff therein invoked two grounds of negligence: (1) That the fall of the beam was due to the negligent manner of the piling; and (2) that the beams were unlawfully maintained upon the sidewalk in front of the premises in question, in violation of a city ordinance and in disobedience of the terms of a permit authorizing the piling of such material only. on the roadbed in front of the premises.

The testimony from plaintiff's witnesses indicated that the beams were negligently piled and that they were placed on the sidewalk.

The defendant's testimony indicated that the beams were not on the sidewalk and that they were piled in an orderly, stable and careful manner on the roadbed. The city ordinance was read in evidence by plaintiff. The jury were charged *inter alia* that violation of the ordinance was some evidence of negligence.

The plaintiff having invoked two grounds of negligence, the general verdict in his favor may not be construed to have been based upon one ground only — the manner of piling the beams.

The defendant expressly limited its coverage of its assured to accidents occurring as a consequence of the existence of materials lawfully maintained in specified places. It may not be required to respond to this plaintiff if the materials were unlawfully maintained and the unlawful maintenance was the proximate cause of the accident. If, however, the negligent piling, and not the unlawful placement, was the proximate cause of the accident, it may be required to respond. A violation of a statute or an ordinance does not necessarily prevent recovery, unless it can be related directly to the accident or the act of negligence bringing it about. (*Corbett* v. *Scott*, 243 N. Y. 66; *Brown* v. *Shyne*, 242 id. 176; *Messersmith* v. *American Fidelity Co.*, 232 id. 161; *Clark* v. *Doolittle*, 205 App. Div. 697.)

Accordingly, questions of fact exist upon which the defendant is entitled to a trial, which questions preclude summary judgment. These are: (1) Whether or not the beams were lawfully or unlawfully placed or maintained at the time the accident occurred; (2) if unlawfully maintained, whether or not that unlawful maintenance or the negligent piling of the beams was the proximate cause of the accident.

The order granting summary judgment and judgment as resettled entered thereon should be reversed on the law and the facts, with ten dollars costs and disbursements to the appellant, and the motion denied, with ten dollars costs.

LAZANSKY, P. J., YOUNG, TOMPKINS and DAVIS, JJ., concur.

Order granting summary judgment and judgment as resettled entered thereon reversed on the law and the facts, with ten dollars costs and disbursements to the appellant, and the motion denied, with ten dollars costs.