## MUNN v HERRIFF

Ohio Common Pleas, Wood Co

Decided Nov 30, 1937

Otto W. Hess, Toledo, and David Meekison, Napoleon, for plaintiff.

Edward M. Fries, Bowling Green, for defendant.

## OPINION

By CONN, J.

The issues now before the court are raised on defendant's motion to strike certain allegations from the petition on the ground that the several averments sought to be stricken do not charge a negligent act under the circumstances set forth in plaintiff's petition. The issues raised by the motion have been submitted on briefs of counsel.

Under the Code of Civil Procedure it is incumbent on the plaintiff to plead ultimate facts in a clear and concise manner and as well, to avoid the pleading of legal conclusions, or irrelevant or inconsistent matter. Whether or not a particular allegation is a conclusion of the pleader may be tested in certain instances by the presence or absence of supporting or operative facts. Where the pleader characterizes the conduct of the defendant at a given time and place as being negligent and at the same time fails to plead supporting or operative facts, such characterization is regarded as a legal conclusion.

Coming now to the particular allegations sought to be stricken, we will take up first, specifications one and three and consider them together. It appears from the allegations in the second paragraph of the petition that Main Street in the city of Bowling Green is a public thoroughfare extending in a general northerly and southerly direction, and that Napoleon Road is a public highway extending in a general easterly direction, and from the allegations in the next paragraph it may be inferred that these two streets cross or intersect each other. It further appears in the petition that the defendant made a left turn at the intersection of said street.

The averments challenged in the first and third specifications of the motion charge the defendant with negligence in failing to pass to the right of the center line of the intersecting streets and the breach of duty thus averred is predicated on the statute, of which the court takes judicial notice. It seems to us that there are sufficient operative facts set forth by plaintiff in her petition to save the averments from the infirmities of legal conclusions.

The second specification of the motion challenges the concluding section or portion of the third specification of negligence on the part of the defendant which is substantially an averment of the "Last Clear Chance Doctrine." This doctrine has a limited application and requires the defendant to observe due care after knowledge of plaintiff's peril. The Cleveland Ry. Co. v Masterson, 126 Oh St 42. The petition contains no averments of actual knowledge on the part of the defendant of the perilous position of Merle Spangler, the decedent, immediately prior to the collision. Furthermore, plaintiff charges the defendant with negligence in failing to keep a proper lookout. This averment raises an inference that the defendant did not have actual knowledge of the perilous position confronting Merle Spangler. There being no allegation by way of supporting or operative facts, the averments now under consideration naturally fall into the classification embracing legal conclusions.

The fourth specification of the motion is directed to the sixth specification of negligence in the plaintiff's petition. Here the defendant is charged with negligence because she operated her motor vehicle without first procuring a driver's license. The

issue thus presented is an important one and the courts are not unanimous in dealing with this problem. The Driver's License Law of Ohio became effective a year ago in March and it provides, among other things that no person, not expressly exempt under the terms of the Act, shall operate a motor vehicle upon a highway in this state unless such person be licensed under the provisions of the Act. §6296-3, GC.

We find no case in Ohio wherein the issue now before us has been determined. Outside of Ohio, the courts are not unanimous, as suggested above. The great weight of authority, however, supports the view that the failure of an operator of a motor vehicle on a public highway to first apply for and obtain a license, where such license is required by law, does not affect the right of such person, nor bar his right of action or defense under circumstances where the lack of such license has no causal connection with the injury or damage complained of. See 4 Ohio Jur. 764, §154, 5 Am. Jur. 586, §141, 87 A.L.R. 1469, 73 A.L.R. 162. Vol. 2, Berry, §261. Massachusetts is the leading state in the minority group, 184 NE 373.

There is no averment in the petition setting forth any disability on the part of the defendant to operate a motor vehicle on a public highway or any incapacity by reason of age or otherwise. In other words, the petition contains no averment of causal connection between the failure of the defendant to have a license for the operation of a motor vehicle and the collision at the time and place in question. Our conclusion is that the majority view is the more reasonable and tends more definitely in the direction of a fuller measure of justice.

The defendant also seeks an order striking from the body of plaintiff's petition certain averments set forth in the fifth specification of the motion, respecting the value of the motorcycle in question immediately before and immediately after the collision. In view of the fact that this action is begun for the benefit of the next of kin under the death statute, so called, to recover on their behalf such pecuniary losses as result proximately from the death of Merle Spangler, there can be no recovery in this action for damages to the motorcycle on which he was riding at the time of the collision.

The motion of defendant is overruled as to the first and third specifications, and sustained as to the second, fourth and fifth specifications. An entry may be prepared accordingly, saving exceptions.