**SOURS, ADMRX., Plaintiff, v SOURS, ET AL., Defendants.**

Court of Common Pleas, Tuscarawas County.

No. 27899. Decided October 14, 1946.*

(*—The two defendants in this case are children of the plaintiff administratrix and the decedent. The minor defendant, aged 16, was subsequently dismissed as a party defendant on motion for the reason that she was part of the decedent's household and was not emancipated. The trial on an amended petition resulted in a verdict for the plaintiff which was appealed but later dismissed.)

Fisher, Limbach, Smith & Renner, New Philadelphia, for plaintiff.

Bowers, Stafford & Bowers, New Philadelphia, and Wilbur E. Benoy, Columbus, for defendants.

## OPINION

By LAMNECK, J.:

This is an action in which the plaintiff as administratrix of her deceased husband's estate seeks to recover damages from the defendants for their alleged joint negligence in causing the decedent's death when he was attempting to rescue his young son from the path of an automobile. One of the defendants is an adult and is alleged to be the owner of an automobile which struck the decedent causing his death, and the other defendant is a minor alleged to be sixteen years of age.

The issue now before the Court is raised on the defendants' motion to strike certain allegations from the petition on the ground that such averments do not constitute negligent acts under the circumstances pleaded in the petition.

In the second paragraph of the petition it is alleged that the owner of the automobile stopped her car on the street; "that immediately thereafter she moved over on the seat and let the defendant, Elva F. Sours, then sixteen years of age, get in on the driver's side of the seat and start the automobile in motion; that said Elva F. Sours did not have any driver's license or temporary instruction permit as required by law, and did not have any training whatsoever in driving an auto-

mobile, all of which the defendant, Nina F. Sours, then well knew."

In the first two specifications of negligence, the defendants are charged with joint negligence in proximately causing the death of the decedent by:

(1) The defendant, Elva F. Sours, in operating said automobile on said street, a public highway, without any driving experience and without an operator's license or temporary instruction permit as required by law, and knowing of the close proximity of the said David E. Sours to the front of said automobile.

(2) The defendant, Nina M. Sours, in permitting the defendant, Elva F. Sours, to start said automobile in motion on said public highway, knowing that she was inexperienced and did not have an operator's license or temporary instruction permit as required by law, and also knowing at the time of the close proximity of the said David E. Sours to the front of said automobile.

Other negligent acts are charged against both defendants in the petition.

The defendants seeks to have those portions of the petition alleging that the minor defendant did not have any driver's license or temporary instruction permit as required by law stricken from the petition.

The defendants cite as authority in support of their motion the case of **Munn v Herriff, 25 Abs 570,** in which it is held that "the failure of an operator of a motor vehicle on a public highway to first apply for and obtain a license, where such license is required by law, does not affect his right of action or defense under circumstances where the lack of such license has no causal connection with the injury or damage."

Sec. 6296-4 GC provides that: "No person except those expressly exempted under sections 5, 6 and 8 (6296-5, 6296-6 and 6296-8) of this act, shall drive any motor vehicle upon a highway in this state unless such person, upon application, has been licensed as an operator or chauffeur by the registrar under the provisions of this act."

Sec. 6296-8 GC provides in part that: "The registrar, or the deputy registrar, upon receiving from any person an application for a temporary instruction permit, may, in his discretion, issue such a permit entitling the applicant, while having such permit in his immediate possession, to drive a motor vehicle upon the highways when accompanied by a licensed operator or chauffeur who is actually occupying a seat beside the driver."

The statutes of Ohio contemplate that a minor sixteen years of age may take an examination and be issued an operator's license, or may be issued a temporary instruction permit.

As this case relates to the minor defendant alone, this Court adopts the pronouncement found in 5 Amer. Jur., Page 586, Sec. 141, wherein it is held that the mere fact that an operator of a motor vehicle is unlicensed as required by statute does not raise an inference of negligence on the part of such operator. To constitute negligence in such a case the lack of such license must have a casual connection with the injury.

In 1 Thompson on Negligence, 83, Section 82, it is stated that "the mere fact that the plaintiff, on the one hand, or the defendant on the other, was engaged in violating the law in a given particular at the time of the happening of the accident, will not bar the right of action of the former, nor make the latter liable to pay damages, unless such violation of the law was an efficient cause of the injury."

Thus where the driver of a motor vehicle is not licensed as required by statute, such driver may not be charged with liability for the operation of the vehicle illegally where the unlawful act has no causal connection with the injury. See 87 A. L. R. 1473, annotation III and earlier annotations therein referred to.

Likewise it has also been held that a minor operating a car in violation of a statute is not a trespasser on the highway in the sense that he is precluded from recovery for injuries sustained. See Corbett v Scott, 243 N. Y. 66, 152 N. E. 467; 5 Amer. Jur., Page 586, Sec. 141.

The foregoing citations were inferentially approved by our Supreme Court in the case of **Orose v Hodge Co., 132 Oh St 607,** 9 N. E. (2d) 671.

Does the petition allege a causal connection between the alleged failure of the minor defendant to have a driver's license or a temporary instruction permit and the injury?

**Sec. 6296-7 GC** prohibits the issuance of an operator's license to (1) an habitual drunkard or narcotic drug addict, (2) to an insane, idiot, imbecile, epileptic, or feeble-minded person, (3) to a person afflicted with or suffering from a physical or mental disability or disease which prevents him from exercising reasonable and ordinary control over a motor vehicle, and (4) to a person who cannot read or understand highway warnings or traffic signs or directions given in the English language. Other prohibitions are also contained in this section. None of the disabilities listed in this section are averred in the petition.

Since there is an absence of any such averment in the petition, it must be concluded that none of these exist as to the minor defendant, and therefore she would have been granted a temporary instruction permit under §6296-8 GC had she applied therefor, even though she was "inexperienced" and "did not have any training whatsoever in driving an automobile" as alleged in the petition.

From the petition it appears that the minor in this case did not have any age disqualification or any other disability enumerated in §6296-7 GC that would make her ineligible for a driver's license. If she was operating the car without a driver's license or without a temporary instruction permit, but was not guilty of any other act of negligence in causing the accident, the great weight of authority is to the effect that she would not be guilty of negligence in causing the accident. Under such circumstances her alleged act in driving the car while inexperienced and without training was an act of negligence independent of her alleged violation of the law in operating the car without a driver's license or temporary instruction permit. In other words, her alleged violation of the driver's license law was not an efficient cause of the injury nor did it have a causal connection with it.

It is generally held that an automobile is a machine that is capable of doing great damage if not carefully handled, and for this reason the owner must use care in allowing others to assume control over it. If the owner permits a person to operate his car, who is known to be incompetent and incapable of properly running it, the owner will be held accountable for the damage done by reason of the negligence of the operator, because his negligence in entrusting the car to an incompetent person is deemed to be the proximate cause of the damage. The liability in such cases arises from the combined negligence of the owner and the driver; the owner being liable for entrusting the machine to an incompetent driver, and the driver in its operation. **Elliott v Harding, 107 Oh St 501**, 140 N. E. 338; **Wery v Seff, 136 Oh St 307;** 25 N. E. (2d) 692; **Williamson v Motor Lines, 145 Oh St 467,** 62 N. E. (2d) 339.

Sec. 6296-26 GC reads as follows: "It shall be unlawful for any person to cause or knowingly permit any minor under the age of eighteen years to drive a motor vehicle upon a highway as an operator, unless such minor shall have first obtained a license or permit to so drive a motor vehicle under the provisions of this act."

In construing §6296-27 GC which prohibits the employment of an unlicensed chauffeur to operate a motor vericle, and §6296-28 GC which prohibits the owner or a motor vehicle from

authorizing or knowingly permitting it to be driven by a person who has no legal right to do so, the Supreme Court of Ohio in both the majority and dissenting opinions in **Williams v Motor Lines, 145 Oh St 467, 62 N. E.** (2d) 339, seem's to agree that the violation of these statutes would not in and of itself make the owner liable for injury occasioned by an unlicensed but otherwise qualified person in operating a motor vehicle entrusted to him. The same dicta would apply to §6296-26 **GC** quoted above. In the dissenting opinion in Williams v Motor Lines, supra, the three dissenting judges held that where the owner knew, or in the exercise of ordinary care could or should have known, that the unlicensed person was unfit and disqualified to have charge of a motor vehicle, and injury occurs to another by that person's negligent use of the instrumentality committed to him, the violation of the statute by the owner would be a cause directly contributing to the injury, and would constitute negligence on his part. Whether the majority of the Court was in accord with this view is not clear from their opinion in this case.

Knowingly entrusting a motor vehicle to a person while intoxicated, to an habitual drunkard, to a person whose driver's license has been revoked for driving while intoxicated, or to an incompetent and reckless operator, have all been held to be acts of negligence making the owner liable for the driver's subsequent negligent operation of the vehicle. See Fisher v Fletcher, 191 Inc. 529, 133 N. E. 834; Gorden v Bedard, 265 Mass. 408, 164 N. E. 374; **Clark v Stewart, 126 Oh St. 263,** 185 N. E. 71; **Elliott v Harding, 107 Oh St 501,** 140 N. E. 338; **Wery v Seff, 136 Oh St 307,** 25 N. E. (2d) 692; **Williams v Motor Lines, 145 Oh St 467,** 62 N. E. (2d) 339.

But does the mere. entrusting of a motor vehicle by an owner to an unlicensed minor operator, in violation of penal statute 6296-26 GC, constitute negligence on the owner's part? The Court has been unable to find a previously decided case in Ohio which gives a definite answer to this important legal question.

In Elmenderf v Clark, 143 La. 971, 79 So. 557, it was held that the owner of an automobile who permits it to be operated by one not possessing the age qualifications is not liable for injuries inflicted by the car upon a boy who dashes in front of it from the sidewalk so suddenly that no one could have avoided striking him.

In Walker v Klopp, 99 Neb. 794, 157 N. W. 962, under a statute which made it unlawful for an owner to permit a minor under sixteen years of age to operate a motor vehicle, an owner who permitted his son, under sixteen years of age, to operate

his automobile, was held guilty of negligence and liable for an injury inflicted by his car, the other elements of negligence being present.

In both of the foregoing cases the minor involved was disqualified by age. In the instant case the minor was not disqualified by age to be licensed or to receive a temporary instruction permit.

A rule is given in 5 Amer. Jur., Page 588, Sec. 146, to the effect that the fact that the driver of the automobile did not have a license will not, per se, render the owner liable for damages inflicted by his car, in the absence of a causal connection between the lack of a license and the injury; the liability in such case depends upon whether or not there was actual negligence in the operation of the car. To support this rule the text cites Lindsay v Cecchi, 3 Boyce (Del.) 133, 80 Atl. 523.

It also appears from Sec. 621 on page 847 of 5 Amer. Jur. that in the majority of jurisdictions the fact that the driver of a motor vehicle was not licensed as required by law will not as a matter of law operate to charge the owner with liability for injury or damage caused by its operation on the highway. In this same section the following comment appears: "It would seem, however, that under regulations which require as a condition to the granting of an operator's license that the applicant submit to and pass a driver's test, and restrict the right to operate to those shown to be qualified, the lack of such license would have a legitimate bearing upon the question of negligence in the operation of an automobile. Accordingly in some jurisdictions evidence is admissible to show that the operator of a motor vehicle involved in an accident did not have the required operator's license."

In Kenyon v Hathaway, 27 Mass. 47, 174 N. E. 463, the Court held that the fact that the driver of an automobile involved in an accident was not licensed in the state in which the accident occurred should be taken into consideration as bearing on the question of the driver's negligence, and on that of the owner's negligence in allowing the unlicensed driver to operate his vehicle.

From a careful consideration of the foregoing citations the Court is of the opinion that if the minor defendant was an unlicensed operator and did not have a temporary instruction permit, such facts if they exist would have a legitimate bearing upon the question of the alleged negligence of the minor defendant in operating the motor vehicle while unexperienced and without training and with not having said motor vehicle under control; and also such facts if they exist would be evi-

dence of the owner's alleged negligence in knowingly permitting an inexperienced driver to operate the vehicle in question.

The Court is also of the opinion from the authorities cited herein, however, that such allegation is not proper as a specification of negligence either on the part of the driver or on the part of the operator under all the other circumstances alleged in the petition.

It will therefore be ordered that the motion of the defendants be sustained in part and that the words "and without an operator's license or temporary instruction permit as required" be stricken from the first specification of negligence, and the words "and did not have an operator's license or temporary instruction permit as required by law" be stricken from the second specification of negligence.

Exceptions noted.