John R. Tewnby, J.
On April 20, 1968, plaintiff Patrick Edwards-, an unlicensed driver with a learner’s permit, was operating a vehicle owned by defendant Richard Pickens who was also a passenger in the vehicle. Earlier that evening, Edwards requested a ride from Pickens to his girl friend’s house. Somewhere on the way, Pickens permitted plaintiff to drive. Pickens testified that he was not familiar with the road, and that Edwards chose the route. Edwards drove the car down a narrow, unpaved country road.
Shortly before the accident, he stopped the car and picked up a hitchhiker, another young boy who also sat in the front seat. The car then proceeded along the road to a point where it seemed to deviate from the road. Edwards steered the car back on the road, and apparently jerked the wheel causing the car to go up the embankment and tip over, killing Edwards.
*353 Edwards’ estate, brings this action, against the owner of the vehicle, Richard Pickens. Among other things,, the contention is that the defendant "Was negligent in .permitting the infant to operate the vehicle knowing of his inexperience, in permitting three people to sit in the front" seat, in permitting the infant to operate the car on a narrow nnpaved country road at that time of day and under the-existing weather conditions. The testimony indicates that the. accident happened at or about 8:40 p.m,, and that the sun had set at 8:21 p.m. It was further established that the weather was misty, and the sky was overcast. Defendant Pickens testified that, the deceased" operated the vehicle in a.proper manner, that he was aware of his learner’s permit, that there was no indication that he was not able to handle the vehicle,, and. there was no reason why he should have become concerned.
In another State, a learner-driver was able to recover from the licensed instructor. (White v. Parks, 154 Md. 195.) However, in that case, the. instructor took hold of the wheel, and the court found that whether or not his negligence was the sole cause of the accident was a question of fact for the jury. In Riley v. Berkeley Motors (1 Cal. App. 2d 217), a salesman agreed to instruct a prospective purchaser with no permit who did not know how to drive, and was found negligent in his instructions and liable to the plaintiff driver.
There do not appear to be any New York cases expressly in point. However, it is established that a licensed driver accompanying a defendant driving with a learner’s permit may not recover damages for personal injuries caused by the lack of skill or inexperience - of the defendant. He is held to have assumed the risk of injury to himself. (Le Fleur v. Vergilia, 280 App. Div. 1035. See, also Aloisia v. Nelson, 27 Misc 2d 343 ; Spellman v. Spellman, 309 N. Y. 663.) The instructor accompanying the learner-driver is not responsible for his motor vehicle violations or his negligence unless there was evidence that the instructor did not exercise reasonable care as an instructor. (Spaulding v. Mineah, 239 App. Div. 460, affd. 264 N. Y. 589.)
But the above rules only apply to claims against the learner-operator. It is academic that a party has no claim for the negligence of another if he himself is contributorily negligent. If his act of driving was "contributorily negligent, there is no problem. However, if he assumed the risk of the consequences of his driving, does it have to be asserted as an affirmative defense in the pleadings t Under CPLB 3018 (subd. [b]) there is no specific reference to assumption of risk.
*354 Although assumption of. .the . risk-has traditionally been an affirmative defense that- -had-'to be pleaded, it is doubtful that, it would be so in this type ofease.-: The rationale of section 3018 is the likelihood of surprise:.if the defense were to be raised-for the'first time at the trial.- -It.’hardly seems that a-plaintiff would be surprised by this defense when, plaintiff was the- driver and the facts could lead to the-conclusion .it .was his conduct which caused the accident. (Verduce v. Board of Higher Educ., 9 AD 2d 214.) Under the circumstances, ,it:-would-not be an abuse of discretion for the court to grant a motion to amend and assert the defense; (CPLR 3025. 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3018.17.)
On the other hand, if plaintiff’s, very’act.of driving is contributory negligence; he -has failed to establish a prima facie case. The distinction between contributory -negligence and assumption of the risk is often difficult to'-detect. - “ Very often the difference is chiefly one of terminology.” (McFarlane v. City of Niagara Falls, 247 N. Y. 340, 349. See McEvoy v. City of New York, 266 App. Div. 445, 447-448.) A plaintiff having voluntarily entered into a risk may by his conduct fail to conduct himself with due care. There is a borderland where the concept of contributory negligence merges almost imperceptibly with the assumption of the risk. The voluntary acceptance of a risk may at times itself constitute contributory negligence. (McFarlane v. City of Niagara Falls, 247 N. Y. 340 ; 348.)
The defendant is not the dominant personality which directed the route or the driving. There is a serious question whether he had any control over the situation. Unfortunately, his testimony is all that is available regarding the facts leading to the accident, and the plaintiff is entitled to the most favorable inferences because he is deceased. - -
It is true, defendant originally claimed that he was the driver, but the explanation and the quick retraction of that version prevent the destruction of his credibility. There is no issue of fact as.to. what occurred. Defendant had no warning that the plaintiff deceased was not able to control the vehicle. As indicated above, there is a serious, question whether, or not he could have done anything ábout-it;
The plaintiff 1 voluntarily.accepted ’’-the risk-of his inexperience. ' If he was incompetent,. and' only he had knowledge of his ability, he was negligent -arid cannot recover. ' Until a person meets the statutory qualifications;' he" is presumed to be an incompetent driver. (La Rose v. Shaughnessy Ice Co,, 197 App. Div. 821, 824.) It has been held that the operation of-a motor vehicle by one who is incompetent to do so may be a negligent act. *355 (Golembe v. Blumberg, 262 App. Div. 759 ; 60A C. J. S., Motor Vehicles, § 264.) Furthermore, the owner, of the vehicle could be held liable to a third party for authorizing an incompetent or improperly trained person to use his vehicle. (La Rose v. Shaughnessy, supra ; Golembe v. Blumberg, supra ; Eifert v. Bush, 51 Misc 2d 248, 249. See generally, Ann. 5 ALR 3d 271 ; 4 N. Y. Jur., Automobiles, § 429.) In another jurisdiction, a 15-year-old mental defective was found negligent where his incompetence was the cause of the accident (Tallent v. Talbert, 249 N. C. 149), and was required to respond in damages for Ms negligent act.
The most persuasive argument for establishing the negligence of the plaintiff as a matter of law is set forth in the Restatement of Torts (2d ed., ch. 12, § 299) quoted in part as follows: “ Until he has attained a minimum of competence the beginner is to be treated as if he were negligent in engaging in the activity at all * * the risk of the harm which he does while he is learning must be borne by him * * * . and Ms lack of competence cannot excuse him. This may be true particularly where the dangers of incompetence in the activity are so well recognized that licensing statutes have been.- enacted ■ requiring minimum standards of competence for anyone to engage in the activity.”
There is authority that one who holds himself out-as qualified to do licensed work is held to the same standard.of care as the one who is licensed. (Brown v. Shyne, 242 N., Y. 176 ; Corbett v. Scott, 243 N. Y. 66.) The rationale of these cases leads to the inevitable conclusion that the same rule applies to-.the unlicensed driver. The standards of care should not be any different for him because of his youth and inexperience.
There can be little disagreement that a concurrent producing cause of this accident was the inexperience of the learner-driver. Thus, a finding that, in driving under this handicap he is negligent, would preclude recovery. (Panarese v. Union Ry. Co., 261 N. Y. 233 ; Wilson v. Maiello, 34 A D 2d 221, 223.)
The court finds that the learner-driver was contributorily negligent as a matter of law, since his inexperience was a proximate cause of the accident. His negligence precludes recovery from anyone else.
There are other possible causes that might be inferred, but they would be based upon broad speculation. It would be improper to submit those possibilities to a jury. (Lahr v. Tirrill, 274 N. Y. 112 ; Digelormo v. Weil, 260 N. Y. 192 ; Ingersoll v. Liberty Bank of Buffalo, 278 N. Y. 1 ; Manley v. New York Tel. Co., 303 N. Y. 18 ; Galbraith v. Busch, 267 N. Y. 230.)
The motion to dismiss the complaint is granted at the conclusion of the trial, without costs.