■ LESLIE H. GELLIS, Appellant, v. TOWN OF HARRISON et al., Respondents. — In an action for injunctive relief, the appeal is from so much of a judgment entered after trial as dismisses the complaint. Appellant sought to restrain respondents from collecting and discharging surface and other waters into and upon his land. Judgment insofar as appealed from unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ INCORPORATED VILLAGE OF ROSLYN, Appellant, v. SEYMOUR J. KOFF et al., Respondents.— In an action to enjoin grading and other operations on privately owned land and the removal therefrom of sand, gravel or any other material, the appeal is from an order denying a motion for an injunction *pendente lite*. Order affirmed, without costs. No opinion. Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur.

■ In the Matter of MARTHENIA J. GUNN, Respondent, against GEORGE FAIRBERG et al., Constituting the Board of Appeals of the Village of Freeport, Appellants.— Proceeding under article 78 of the Civil Practice Act to review a determination of a Zoning Board of Appeals, which determination denied an application for a variance and affirmed a denial by the village superintendent of buildings of an application for a license to conduct a rooming house. The appeal is from an order annulling the determination and directing the issuance of a license. The application for the license was denied by the superintendent on the sole ground that the use, which has existed since 1946, would be in violation of an amendment to the local zoning ordinance adopted November 3, 1952. Order unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ In the Matter of the Arbitration between MIDDLETOWN HOUSING AUTHORITY et al., Respondents, and WILLIAM GREEN, Doing Business as GREEN CONSTRUCTION COMPANY, Appellant.— Appeal from an order denying appellant's motion to vacate an arbitrator's award. Appellant contends that there was no arbitrable controversy, and that the arbitrator exceeded his powers and imperfectly executed them (Civ. Prac. Act, § 1462) in that the matter of compensation for extra work and materials was not part of the appellant's obligation under 'the general contract. Order unanimously affirmed, with one bill of costs to respondents. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.

■ In the Matter of GEORGE PATTERSON, Doing Business under the Name of FRANKLIN BAR & GRILL, Petitioner, against THOMAS E. ROHAN et al., Constituting the State Liquor Authority, Respondents.— This proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the State Liquor Authority suspending petitioner's restaurant liquor license has been transferred to this court (Civ. Prac. Act, § 1296). The license was suspended on findings that petitioner had violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law " in that he suffered or permitted a patron to be assaulted therein." Determination annulled, without costs. The suspension was based on a single assault by petitioner's bartender committed at a time when petitioner was not present. This was insufficient to sustain the charge that petitioner had suffered or permitted the licensed premises to become disorderly (*Matter of Brody* v. *Rohan*, 1 A D 2d 661; *Matter of Migliaccio* v. *O'Connell*, 307 N. Y. 566). Nor was the evidence in any way sufficient to justify a finding that petitioner acquiesced in the assault (*Matter of Stanwood United* v. *O'Connell*, 283 App. Div. 79, affd. 306 N. Y. 749). Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.