RICHARD P. GIANNETTO, Respondent, *v.* GENERAL EXCHANGE INSURANCE CORPORATION, Appellant.

Fourth Department, May 5, 1960.

*MacFarlane, Harris, Martin, Kendall & Dutcher* (*Delon F. Mousaw* and *Donald C. Summers* of counsel), for appellant.

*Cohen, Goldman, Di Pasquale & Schwartz* (*Samuel Di Pasquale* of counsel), for respondent.

HALPERN, J. The defendant insured the plaintiff against the loss of his automobile '' by theft or larceny ''. This form of policy covered all types of larceny defined in the statute (*Block* v. *Standard Ins. Co. of N. Y.*, 292 N. Y. 270). In an action upon the policy, the plaintiff's proof established these facts: One Alfieri, a used car salesman, obtained possession of the automobile from the plaintiff by representing to the plaintiff that he would sell the automobile as the agent of the plaintiff, use the proceeds to pay the lien of the General Motors Acceptance Corporation and turn over the surplus, if any, to the plaintiff. The plaintiff signed the statement of transfer on the back of the automobile registration certificate in blank and gave it to Alfieri, with the understanding that it would be used to transfer title to a purchaser of the automobile. Subsequently, Alfieri, without the consent of the plaintiff, filled in his own name in the transfer statement and registered the automobile in his own name. The automobile has disappeared; neither the plaintiff nor the General Motors Acceptance Corporation has been able to determine what disposition Alfieri made of it. The jury

returned a verdict in favor of the plaintiff and, from the judgment entered upon that verdict, the defendant appeals.

The plaintiff claimed upon the trial that the proof sustained a finding of larceny in either of two forms: (1) the obtaining of possession by false pretenses; (2) embezzlement or the appropriation of property by a bailee.

Both theories were submitted to the jury. The court correctly charged the jury with respect to the second theory, bailee larceny or embezzlement. However, the court was induced by the defendant's counsel to submit the theory of larceny by false pretenses upon too narrow a basis. The court charged that " To constitute the crime of larceny by false pretenses it must be established that * * * Alfieri made a false representation of an existing fact " and that " there must exist an intentional false statement concerning a material matter of fact ". This charge made it virtually impossible for the jury to find a larceny by false pretenses under the circumstances of this case since the only false representations proved were representations of a promissory character, relating to Alfieri's future conduct. The court's charge as to this point was erroneous. The proof warranted the inference that, at the time Alfieri made the representations, it was his intention not to carry them out but to appropriate the automobile to his own use. Upon a finding that Alfieri had obtained possession of the automobile in this manner and had then appropriated it, a case of common-law larceny by trick and device would have been made out (*People* v. *Laurence,* 137 N. Y. 517; *People* v. *Miller,* 169 N. Y. 339; *People* v. *Noblett,* 244 N. Y. 355; *People* v. *Stiller,* 255 App. Div. 480, affd. 280 N. Y. 519; *Rex* v. *Pear,* 2 East P. C. 685, 1 Leach 213; *Rex* v. *Semple,* 2 East P. C. 691, 1 Leach 355; *People* v. *Robinson,* 107 Cal. App. 211, 221; 2 Wharton's, Criminal Law [12th ed.], § 1207; 52 C. J. S., Larceny, § 32, p. 828; 32 Am. Jur., Larceny, §§ 29–32).

The case of *People* v. *Karp* (298 N. Y. 213) which was urged upon the trial court by the defendant's counsel and which led it to give the charge quoted above, dealt with the obtaining of *title,* as distinguished from mere possession, by false pretenses. It is only in such a case that it must be established, in order to constitute the crime, that the wrongdoer falsely represented an existing external fact and not merely his intention or the state of his mind. The crime of obtaining property by false pretenses was of statutory origin; it did not exist at common law. (The word " property " as used in this context means " title ".) " Until 1757 the obtaining of property by false pretenses was not generally a crime " (11 Holdsworth,

History of English Law, p. 532). It was made a crime in England in 1757 by statute (30 George II, ch. 24, § 1). New York adopted a similar statute as part of the Revised Laws of 1813 (1 Rev. L. [Van Ness & Woodworth ed.], § 13 which later became 2 Rev. Stat. of N. Y., part IV, ch. I, tit. III, § 53), from which section 1290 of the Penal Law was in part derived, through mesne statutes. It was settled in England soon after the statute was enacted " that the pretence must relate, not to a future, but to a past or a present, fact " (11 Holdsworth, *op. cit.*, pp. 532–533, citing *Young* v. *The King,* 3 Term. Rep. 98, 100; see, also, *Regina* v. *Dent* [1955], 2 Q. B. 590). It was similarly held in this State that a misrepresentation of the state of one's mind or " an expression of intention not meant to be fulfilled " could not serve as the basis for a charge of the statutory crime of obtaining property by false pretenses (*People* v. *Karp, supra,* p. 216; *People* v. *Blanchard,* 90 N. Y. 314, 324; see, generally, 22 Am. Jur., False Pretenses, § 14; but, see, Model Penal Code, Tentative Draft No. 2, American Law Institute, § 206.2, subsection [2] and comment 7, pp. 68–69). But this rule applied only to the crime created by the statute. It did not limit the scope of the common-law crime of larceny. If the wrongdoer obtained possession of an article, without obtaining title, by a false representation as to his purpose or intention, this was sufficient at common law as the basis for a charge of larceny by trick and device and it, of course, continued to be sufficient under the statutes (*People* v. *Miller,* 169 N. Y. 339, *supra*; Clark and Marshall, Law of Crimes [3d ed.], p. 490). " As appellant contends, to constitute the crime of obtaining property by false pretenses, the misrepresentations must be of an existing or a past fact  *  *  *  but such proof is not essential to a conviction of larceny by fraud or trick " (*People* v. *Robinson,* 107 Cal. App. 211, 221, *supra*). A simple example will illustrate the distinction. If one induces another to sell an automobile to him on credit by a false representation of his intention to pay for it, it is not a crime but if he induces a car rental company to rent a car to him on the false representation of his intention to use it temporarily and to return it, when, in fact, it is his intention to appropriate it, a charge of common-law larceny by trick and device may be predicated upon the false representation.

The difficulty in this case may in part be attributable to the fact that, in the complaint, the plaintiff used the term " false pretenses " to describe the means by which Alfieri obtained possession of the car. " False pretenses " is the technical name of the statutory crime of obtaining title by false pretenses and,

as such, it carries with it the historical limitation that the pretense or representation must be one relating to an existing or past fact and not to a matter of future conduct. But the plaintiff used the term "false pretenses" in a broad and nontechnical sense as meaning any false or fraudulent representation, including a misrepresentation of intention (*People* v. *Miller, supra,* pp. 355–356). As we have seen, a charge of larceny may be predicated upon a false representation of intention, provided that only possession is obtained thereby. There would have been less risk of misunderstanding if the plaintiff had not used the term "false pretenses" to describe the larceny in this case but had used its common-law name, "larceny by trick and device", or had described it, in general terms, as the obtaining of possession by fraud.

It is thus apparent that the court's charge was erroneous in excluding from the jury's consideration a false representation of intention as the basis for a possible finding of larceny but the defendant cannot complain of the error, since it resulted in a charge more favorable to the defendant than it was entitled to have.

The proof amply sustained the charge of bailee larceny or embezzlement and, in view of the nature of the court's charge, it must be assumed that this was the theory upon which the jury found a verdict for the plaintiff. With respect to bailee larceny, the defendant argues that Alfieri was chargeable only with embezzling the proceeds of the sale of the automobile, rather than the automobile itself, and that the larceny was therefore not within the coverage of the insurance policy, citing *People* v. *Cruger* (102 N. Y. 510). This contention might have had merit if it had been proved that Alfieri had received possession of the automobile lawfully and had sold the automobile in accordance with the authority given to him and then had retained or appropriated the proceeds. But there was no proof that Alfieri had ever sold the automobile to anyone; on the contrary, the proof was that he had appropriated the automobile to his own use by registering it in his own name. He thereby committed a larceny of the automobile. What he did with it later or what he did with the proceeds of any subsequent sale was immaterial. As a matter of fact, under the circumstances of this case, Alfieri could not have been convicted of the crime of embezzling the proceeds of the sale even if it had appeared that he had subsequently sold the automobile and retained the proceeds; he was guilty of a larceny of the automobile by virtue of having appropriated it to his own use; he could not be convicted of a second

larceny for appropriating the proceeds of the sale of the stolen property (*People* v. *Epstein,* 245 N. Y. 234).

The judgment in favor of the plaintiff should be affirmed.

Present — WILLIAMS, P. J., BASTOW, GOLDMAN, HALPERN and HENRY, JJ.

Judgment and order unanimously affirmed, with costs.