■ BATAVIA TURF FARMS, INC., Appellant, v COUNTY OF GENESEE, Respondent and Third-Party Plaintiff-Appellant. CALOCERINOS & SPINA ENGINEERS, P. C., Third-Party Defendant-Respondent. C & S ENGINEERS, Fourth-Party Plaintiff, v COLD SPRING CONSTRUCTION COMPANY, INC., Fourth-Party Defendant-Respondent. (Appeal No. 1.) [659 NYS2d 681] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff contends that Supreme Court erred in instructing the jury that, in order to sustain a strict liability claim, plaintiff must prove that defendant substantially increased by artificial means the

quantity or rate of flow of surface water onto its property. Plaintiff further contends that the court erred in submitting to the jury special interrogatories to that effect. We agree with defendant that plaintiff was not entitled to a strict liability charge in the first instance. The record establishes that, in its notice of claim and amended complaint, plaintiff did not assert a strict liability claim with regard to either the 1991 or the 1992 flood. Moreover, the case was tried on a nuisance theory based on negligence, and plaintiff never sought to amend the pleadings to conform to the proof to assert a strict liability claim. Thus, plaintiff "cannot complain of the [alleged] error, since it resulted in a charge more favorable to the [plaintiff] than it was entitled to have" (*Giannetto v General Exch. Ins. Corp.*, 10 AD2d 442, 446; *see*, 4 NY Jur, Appellate Review, § 403, at 508). In addition, although plaintiff objected at a charge conference to the "substantial increase" language in the court's instruction on strict liability, it did not object to the special interrogatories on that ground. That contention therefore has not been preserved for our review (*see, Bichler v Eli Lilly & Co.*, 55 NY2d 571, 583).

In any event, we conclude that the court's instruction and special interrogatories on strict liability were proper. To hold defendant landowner strictly liable for the discharge of surface water by artificial means upon plaintiff's land, plaintiff had to establish that the discharge was materially different from the prior drainage (*see*, 108 NY Jur 2d, Water, § 124; *Gellis v Town of Harrison*, 159 NYS2d 228, *affd* 5 AD2d 870, *lv denied* 4 NY2d 678; *see generally, Fox v City of New Rochelle*, 240 NY 109, 112). Here, plaintiff's property was the source of drainage for a large drainage basin, only a portion of which belonged to defendant. Thus, the court properly instructed the jury that defendant must have caused a substantial increase in the quantity or rate of flow of surface water in order to be found strictly liable.

Plaintiff further contends that the court erred in including the "substantial increase" element in its instruction and special interrogatories on plaintiff's nuisance theory based on negligence. Because plaintiff did not object to the court's instruction or special interrogatories on that ground during the charge conference or after the instruction was given, that contention is unpreserved for our review (*see, Haynes v Haynes*, 83 NY2d 954; *Bichler v Eli Lilly & Co., supra*, at 583; *Liebgott v City of New York*, 213 AD2d 606). In any event, under the circumstances of the case, we conclude that the instruction and special interrogatories were appropriate in that respect

because a "substantial increase" finding was necessary to support that nuisance theory.

We reject plaintiff's contention that the court improperly excluded proof of the settlement of a prior lawsuit between the parties arising from a 1982 flood. Because there was no express admission of fact in the settlement, proof of the settlement was inadmissible. "In such situations it remains 'the universal practice of courts to look favorably upon the compromise or settlement of personal disagreements * * * It is often found an advantage to a party, if not to his adversary as well, to compose such differences without resort to the courts * * * Thus a compromise or a settlement may not be regarded as evidence of * * * liability, or as an admission' " (*Bigelow-Sanford, Inc. v Specialized Commercial Floors*, 77 AD2d 464, 466, quoting *Woodland v Cote*, 252 App Div 254, 255-256).

We further conclude that the court properly denied plaintiff's request for a jury instruction regarding water damage to plaintiff's driveway caused by the subterranean flow of water from defendant's property. That claim was not asserted in plaintiff's notice of claim and plaintiff failed at trial to establish that the subterranean flow of water from defendant's property damaged plaintiff's driveway.

We have reviewed the remaining contentions of the parties and conclude that they are without merit. (Appeals from Judgment of Supreme Court, Genesee County, Morton, J.—Dismiss Causes of Action.) Present—Green, J. P., Lawton, Doerr and Fallon, JJ.