■ TRICIA E. HAGEMAN, Appellant, v RONALD SANTASIERO et al., Respondents. [716 NYS2d 485] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff commenced this medical malpractice action alleging that defendants were negligent in failing to make a timely referral to an eye specialist so that plaintiff's eye condition could be diagnosed and treated. Prior to trial, defendant Health Care Plan, Inc. (Health Care Plan) moved for summary judgment pursuant to, *inter alia,* Public Health Law § 4410. Supreme Court reserved decision on the motion, but ruled that Health Care Plan could not be referred to as a defendant during trial. Judgment was entered in favor of defendant physicians upon a jury verdict of no cause of action. Thereafter, the court ruled by letter order that the summary judgment motion was moot. Plaintiff appeals from the judgment entered upon the jury verdict.

Plaintiff contends that the court erred in giving the standard jury charge on proximate cause (*see,* PJI 2:70), and in failing to marshall the evidence and to set forth the parties' theories of causation in its charge. By failing to object either to the original charge before the jury began its deliberations or to the supplemental charge before the jury resumed its deliberations, plaintiff failed to preserve for our review her present contentions that the court's charge and supplemental charge were erroneous (*see,* CPLR 4110-b).

Plaintiff further contends that the verdict sheet, which contained the phrase "proximate cause" and did not include special interrogatories, was improper. Because plaintiff failed to object to the verdict sheet, she has failed to preserve for our review any issue concerning the language contained therein (*see, Stevens v Brown,* 249 AD2d 909, 911; *Batavia Turf Farms v County of Genesee,* 239 AD2d 903, 904, *lv dismissed* 91 NY2d 906, *rearg denied* 91 NY2d 1003).

Finally, plaintiff's contention concerning the court's letter or-

der is not properly before us. The only notice of appeal in the record is from the judgment, and the order does not "necessarily affect[ ] the final judgment" entered against defendant physicians (CPLR 5501 [a] [1]; *see, Soto v Montanez*, 173 AD2d 90, 93, n; *Crystal v Manes*, 130 AD2d 979). (Appeal from Judgment of Supreme Court, Erie County, Gorski, J.—Negligence.) Present—Green, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.