■ IDA M. GARRIS et al., Appellants, v K-MART, INC., Respondent. (Appeal No. 2.) [829 NYS2d 333]—

Appeal from a judgment (denominated judgment and order) of the Supreme Court, Erie County (James B. Kane, J.H.O.), entered March 15, 2001. The judgment, upon a verdict, granted judgment in favor of defendant.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries allegedly sustained by Ida M. Garris (plaintiff) when she fell in defendant's store. Plaintiff testified at trial that one of defendant's employees collided with her, causing her to fall. The store employee, however, testified that he had physical contact with plaintiff only after she had started to fall, and he testified that he was merely attempting to help her to the ground. He further testified that plaintiff admitted to him that she previously had been injured in a serious car accident and "that was the reason that her knee gives out on her." The jury returned a verdict finding that defendant was not negligent, and plaintiffs moved to set aside the verdict and for a directed verdict on liability and a new trial on damages only or, alternatively, a new trial on liability and damages. Supreme Court properly denied plaintiffs' motion.

We reject the contention of plaintiffs that the court erred in refusing to give a modified jury instruction pursuant to PJI 2:90. That instruction deals with premises liability resulting from defects or dangerous conditions on premises and therefore

does not apply to this case. Contrary to plaintiffs' further contention, "the charge as a whole adequately conveyed the proper legal principles" (*Schmidt v Buffalo Gen. Hosp.*, 278 AD2d 827, 828 [2000], *lv denied* 96 NY2d 710 [2001]; *see Koziol v Wright*, 26 AD3d 793 [2006]).

Plaintiffs failed to preserve for our review their further contention that the court erred in failing to marshal the evidence (*see* CPLR 4110-b; *Kuperman v Waller*, 307 AD2d 810 [2003], *lv denied* 1 NY3d 501 [2003]; *Hageman v Santasiero*, 277 AD2d 1049 [2000]; *Brown v City of New York*, 154 AD2d 325 [1989]; *cf. Bender v Nassau Hosp.*, 99 AD2d 744, 746-747 [1984]). Additionally, by failing to object to the supplemental instruction before the jury resumed its deliberations, plaintiffs failed to preserve for our review their contention that the supplemental instruction was erroneous (*see* CPLR 4110-b; *Hageman*, 277 AD2d at 1049; *Groat v Price Chopper Operating Co.*, 236 AD2d 854 [1997], *lv denied* 90 NY2d 803 [1997]). "In the absence of preservation, a jury verdict will not be set aside based on an alleged error in the charge [or supplemental instruction] where, as here, the alleged error is not fundamental, i.e., 'it is [not] so significant that the jury was prevented from fairly considering the issues at trial' " (*Wood v Strong Mem. Hosp. of Univ. of Rochester*, 273 AD2d 929, 930 [2000], quoting *Kilburn v Acands, Inc.*, 187 AD2d 988, 989 [1992]). Finally, we reject plaintiffs' contention that the verdict is against the weight of the evidence (*see generally Grassi v Ulrich*, 87 NY2d 954, 956 [1996]; *Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). Present—Gorski, J.P., Fahey, Peradotto, Green and Pine, JJ.