JOHN E. PHASS, Appellant, *v.* ADA MACCLENATHEN et al., Respondents.

ARTHUR E. SQUIRES, Appellant, *v.* ADA MACCLENATHEN et al., Respondents.

Third Department, December 29, 1948.

*Early and Kalteux,* attorneys (*J. Bruce MacDonald* of counsel), for appellants.

*Harold E. Blodgett* for respondents.

Foster, J. These are appeals from judgments of no cause of action in favor of the defendants in two negligence actions, and from an order denying a motion for a new trial.

Plaintiff Squires' automobile was struck by defendant Mac-Clenathen's taxicab. Plaintiff Phass was a passenger in the Squires car. Defendant Osterhout was the driver of the taxicab. The accident happened on State Street in the city of Schenectady shortly after three o'clock on the morning of January 18, 1946. The taxicab was being driven westerly on State Street, and just before the collision took place Squire's car was parked on the northerly curb of the same street. It is the claim of plaintiffs that Squires started his car away from the curb and out into the street in a careful and prudent manner, and as he did so the taxicab was driven so carelessly as to strike his car broadside. Defendants claim to the contrary that Osterhout, the driver of the taxicab, was not guilty of any negligence, and that the collision occurred because Squires drove his car away from the curb suddenly, and without warning, directly in front of the on-coming taxicab.

The testimony as to the happening of the accident was conflicting and presented sharp issues of fact. Interference with the verdicts of a jury would not be warranted except for the following incidents which occurred on the trial.

Plaintiff Squires admitted on cross-examination that he did not possess a license to operate a motor vehicle at the time of the accident. It was further developed in his cross-examination that an operator's license was issued to him after the accident and on the 11th of February, 1946. He was then asked whether this license was later revoked. This question was objected to and the objection overruled. He then admitted that it had been revoked, and, on being asked the reason for such revocation, stated that it was because he did not have insurance. Thereupon, he was confronted with a photostatic copy of some paper from the State Motor Vehicle Department which indicated that the license had been revoked because of a false answer he had made to a question concerning previous accidents.

This entire line of interrogation was improper and prejudicial. It was improper in the first instance to show that a license issued subsequent to the accident had been revoked, but in any event the cross-examiner was bound by the answer of the witness as to the reason for revocation since the question related to a wholly collateral matter.

Doubtless it was proper for defendants' counsel to elicit on cross-examination the fact that Squires did not possess a license to operate a motor vehicle at the time of the accident. The operation of a motor vehicle upon a public highway without a license is a misdemeanor except where the operator's license has only expired within thirty days (Vehicle and Traffic Law, § 20, subd. 4; § 70, subd. 1). Squires did not have a license for many months prior to the date of the accident, and hence it was proper to show that he was guilty of a crime as bearing on the issue of his credibility. In charging the jury, however, the trial court did not limit this fact to the issue of credibility, but said: " However, the plaintiff Squires being an unlicensed operator, he was prima facie guilty of negligence in the operation of his automobile, but you, as judges of the fact, may find him free of contributing negligence or negligence likewise, if his failure to have a license in no way contributed to the happening of the accident. So, I am submitting to you as judges of the fact whether or not the fact he had no license contributed to the injuries and happening of that event.''

This language was excepted to. It presented, I think, an erroneous proposition of law, although I am bound to say in fairness to the trial judge that he had what was apparent authority for using it (*Corbett* v. *Scott,* 243 N. Y. 66, 68). In the case cited an infant plaintiff under the age of sixteen years was injured while operating a motorcycle in violation of law. The trial justice charged that he was prima facie guilty of negligence but that the jury might find him free of contributory negligence if his immaturity in no way contributed to the accident. It should be noted however that this charge was approved apparently upon the basis that immaturity created a presumption of incompetency. The opinion later pointed out (p. 70) : " If he were an adult we would unhesitatingly hold that his violation of the law was evidence of negligence only in relation to his fitness to operate the motorcycle and that if his illegal act had no tendency to cause the accident he would come within the rule in *Brown* v. *Shyne* [242 N. Y. 176] ''. In the case last cited the defendant Shyne was sued for malpractice. It appeared that he practiced medicine without a license. The court in

charging the jury said in substance that his violation of the statute in practicing without a license was '' some evidence '' of negligence. This was held to be reversible error, although it was found that the statute was designed to protect the public as against unfounded assumption of skill by one who undertakes to prescribe or treat for disease. I am unable to see any distinction in principle between this case and one where the charge is failure to possess an operator's license.

*Martin* v. *Herzog* (228 N. Y. 164) is of course the leading case establishing the proposition that a breach of statutory duty may in some cases establish negligence per se. But that case is not analogous to the cases at bar. In the *Herzog* case (*supra*) the statutory violation was the operation of a vehicle without lights after sunset. The statute violated there had to do with the actual operation of the vehicle, and of course where there has been a breach of statutory duty in that regard there is sound reason for classifying such a breach as negligence per se. But no such reason attaches to the failure to possess a license. The absence or possession of a license has nothing to do with the actual operation of a car. It relates only to authority for operation, not to the manner thereof. But in the cases before us it was charged that failure to possess a license created a presumption of negligence in operation. If this is to be taken as a correct proposition of law some curious results are certain to follow. For instance, as applied to a defendant, a plaintiff might establish a prima facie case against a defendant in a negligence action by showing that he was free from contributory negligence and that the defendant did not possess an operator's license. Or, in a death case, a defendant might establish presumptive contributory negligence on the part of the decedent by showing that the latter did not possess an operator's license. These examples are perhaps extreme but if the principle embodied in the charge is sound then failure to possess a license in violation of the law would establish prima facie negligence in all cases. This I think carries the matter beyond any case yet decided, and is in conflict with the principle that in a private cause of action neglect of a statutory duty does not establish negligence, presumptively or otherwise, unless it is shown that obedience to a statute would have obviated the injury (*Brown* v. *Shyne, supra*). The true test of negligence so far as Squires is concerned was the manner in which he operated his car at the time of the accident and not whether he had a license under the statute. He was not a trespasser upon the highway (*Corbett* v. *Scott, supra*). It was error,

therefore, for the trial court to charge that he was prima facie guilty of negligence in the operation of his automobile, and the error was not cured by the additional statements to the effect that he might rebut the presumption.

The judgments and order should be reversed and a new trial granted in each case, with costs to abide the event.

HILL, P. J., HEFFERNAN, BREWSTER and DEYO, JJ., concur.

Order and judgments reversed, on the law and facts, and a new trial granted in each case, with costs to abide the event.