■ KEVIN T. HANLEY, an Infant, by His Guardian ad Litem, FRANCES M. HANLEY, et al., Respondents, v. NANCY ALBANO et al., Appellants, et al., Defendant. NANCY ALBANO, Third-Party Plaintiff-Respondent, v. LOUIS SIMORTO, Doing Business as LOU'S AUTO REPAIR SHOP, Third-Party Defendant-Appellant. — In an automobile negligence action by an infant pedestrian to recover damages for personal injury, and by his mother to recover damages for medical expenses, in which the defendant Nancy Albano interposed a third-party complaint against Louis Simorto as third-party defendant, the parties appeal as follows from a judgment of the Supreme Court, Kings County, entered March 4, 1963 after a jury trial: (1) Defendant Nancy Albano appeals from so much of the judgment as directed recovery in the plaintiffs' favor against her. (2) Defendant Santo Acosta appeals from so much of the judgment as directed recovery in the plaintiffs' favor against him. (3) The third-party defendant Louis Simorto appeals from so much of the judgment as directed recovery over against him in favor of the defendant and third-party plaintiff Nancy Albano. The jury's verdict against the defendants Albano and Acosta was directed by the court; and, by stipulation of the parties, the court (without the aid of the jury) determined the issue of liability in the third-party action and the quantum of damages in both the main and third-party actions. Judgment, insofar as appealed from by the respective parties, reversed on the law and the facts with one bill of costs to the appellants; complaint dismissed on the law as against the defendant Acosta and action severed as to him; and a new trial granted as between plaintiffs and Nancy Albano as defendant, and between Nancy Albano as third-party plaintiff and Louis Simorto as third-party defendant. The infant plaintiff, who was four years old at the time of the accident, while walking across a street intersection, was injured as the result of the alleged negligent operation of a Ford automobile owned by the defendant Albano and operated by an unlicensed driver, the defendant Angelo Gentile, who had taken over its operation from the defendant Santo Acosta. Prior to the occurrence the car had been brought to the garage of a mechanic, Louis Simorto, the third-party defendant, for adjustment of the carburetor and to fit a key to the

trunk lock. For the latter purpose, it was necessary to take the car to a locksmith. Acosta and Gentile were hangers-on at Simorto's garage. At the time a Plymouth automobile was in Simorto's garage, awaiting delivery. At Simorto's request Gentile drove off in the Plymouth, and Acosta followed in the Ford. After delivering the Plymouth, Gentile assumed the driving of the Ford, with Acosta as his passenger. The accident occurred on the way to the locksmith. There is nothing in the record to show that Acosta knew or should have known that Gentile was not a competent driver. Since a driver's license relates only to the authority for operation and not to the manner thereof, and the absence of a license is not even presumptive evidence of negligence (*Phass* v. *MacClenathen,* 274 App. Div. 535, 538), Acosta's act in surrendering the operation of the car to the unlicensed Gentile was not, prima facie, a proximate cause of the accident (cf. *Wolcott* v. *Renault Selling Branch,* 175 App. Div. 858). The case of *Arcara* v. *Moresse* (258 N. Y. 211) is inapplicable. That case dealt with the statutory liability of the owner of a motor vehicle used or operated by another with his permission (Vehicle and Traffic Law, § 388, formerly § 59). Since the statute is in derogation of the common law (*Cherwien* v. *Geiter,* 272 N. Y. 165) and, therefore, is to be strictly construed, the doctrine of the *Arcara* case (*supra*) has no application to the liability of a nonowner. With respect to the parties other than Acosta, in our opinion issues of fact were presented which should have been submitted to the jury. Christ, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.