■ KRISHNA DALAL, Appellant, v CITY OF NEW YORK, Defendant, and ALICIA RAMDHANI-MACK, Respondent. [692 NYS2d 468] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Price, J.), dated May 28, 1998, which, upon a jury verdict finding, *inter alia,* that the defendant Alicia Ramdhani-Mack was not negligent, is in favor of that defendant and against him, dismissing the complaint.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

The instant action arises out of an automobile accident that occurred at the intersection of Booth Street and 66th Avenue in Queens. The action against the defendant City of New York was discontinued prior to trial. At trial, the plaintiff testified that he stopped at the stop sign controlling traffic on 66th Avenue, and looked both ways for a distance of about one block, without seeing anything, before he proceeded into the intersection. When he was about halfway through the intersection, his vehicle was struck on the driver's side by a vehicle operated by Alicia Ramdhani-Mack (hereinafter the defendant). The plaintiff further testified that he never saw the defendant's car until impact. The defendant testified that she was about 10 to 15 feet away from the intersection when she noticed the plaintiff's vehicle, which was about 14 feet behind the stop sign but moving, and that about 5 to 7 seconds elapsed from the time that she observed the plaintiff's vehicle until the collision. She stated that she attempted to swerve out of the way, but could not avoid the collision. The defendant further testified that although she was nearsighted and required prescription glasses, she was not wearing her glasses at the time of the accident. She claimed she was still able to see while driving. There was no evidence that either driver was speeding. The jury returned a verdict finding that only the plaintiff was negligent, and that his negligence was the sole proximate cause of the accident.

The plaintiff contends that the trial court erred in refusing to charge that the defendant's violation of Vehicle and Traffic Law § 509 (3) was negligence per se, and erred in refusing to allow him to cross-examine the defendant on that issue. Vehicle and Traffic Law § 509 (3) provides that "no person shall operate any motor vehicle in violation of any restriction contained on his license". The defendant testified at her examination before trial that her New York State driver's license contained a restriction requiring her to wear corrective lenses while driving.

It is well established that an unexcused violation of a statutory standard of care, if unexplained, constitutes negligence per se (see, Martin v Herzog, 228 NY 164; Cordero v City of New York, 112 AD2d 914; Tomaselli v Goldstein, 104 AD2d 872; Aranzullo v Seidell, 96 AD2d 1048; also, PJI 2:26). The defendant's reliance upon the principle that operating a motor vehicle without a license is not negligence per se (see, Dance v Town of Southampton, 95 AD2d 442, 446-447; Hanley v Al-

*bano,* 20 AD2d 644), is misplaced. The absence or possession of a driver's license relates only to the authority for operating the vehicle and not to the manner thereof (*see, Hanley v Albano, supra,* at 645; *Phass v MacClenathen,* 274 App Div 535, 538). However, a restriction placed upon the license requiring the wearing of glasses when driving relates directly to the actual operation of the vehicle. Vehicle and Traffic Law § 509 (3) provides that no one shall operate a vehicle in violation of any restriction contained on his or her license, and also relates to the manner in which the vehicle is being operated. Thus, the statute sets up a standard of care, the unexcused violation of which is negligence per se. The trial court erred, therefore, in refusing the plaintiff's request to charge.

Moreover, under the circumstances of this case, the trial court improperly refused to allow the plaintiff to cross-examine the defendant on her license restriction, particularly in view of the fact that at one point the defendant claimed she needed the glasses only for reading. The license restriction requiring glasses while driving would clearly be relevant not only on the question of her ability to see but also on the question of negligence (*see, Martin v Alabama 84 Truck Rental,* 38 AD2d 577).

In view of the verdict, we cannot conclude that these errors were harmless. The plaintiff is therefore entitled to a new trial. Ritter, J. P., Joy, Goldstein and Schmidt, JJ., concur.