■ RAMON ALMONTE, Respondent, et al., Plaintiff, v MARSHA OPERATING CORP. et al., Appellants, and LUZ RODRIGUEZ, Respondent. [696 NYS2d 484] —In an action to recover damages for personal injuries, the defendants Marsha Operating Corp. and Tekle A. Hailu appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (G. Aronin, J.), entered September 30, 1998, as granted (a) that branch of the motion of the plaintiff Ramon Almonte which was for partial summary judgment against them on the issue of liability and (b) that branch of the cross motion of the defendant Luz Rodriguez which was for partial summary judgment dismissing so much of the complaint as is asserted by the plaintiff Ramon Almonte against her.

Ordered that the appeal from so much of the order as granted that branch of the cross motion which was for partial summary judgment is dismissed, as the appellants are not aggrieved thereby; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that Ramon Almonte and Luz Rodriguez are awarded one bill of costs.

The submission of an unsworn motor vehicle report prepared by the defendant Tekle A. Hailu was insufficient to raise a triable issue of fact on the issue of whether the plaintiff Mark Cruz was responsible for the rear-end collision by causing the vehicle he was operating to stop short in front of the yellow cab driven by Hailu and owned by the defendant Marsha Operating Corp. (hereinafter Marsha) (*see, Itingen v Weinstein,* 260 AD2d 440; *Johnson v Phillips,* 261 AD2d 269; *Hegy v Coller,* 262 AD2d 606; *Ribowsky v Kashinsky,* 234 AD2d 353).

In addition, Cruz's unrebutted deposition testimony that his vehicle was completely stopped for 30 seconds before being struck was, as a matter of law, sufficient to impose liability solely on Hailu and Marsha (*see, Johnson v Phillips, supra*; see also *Escobar v Rodriguez,* 243 AD2d 676; *Bando-Twomey v Richheimer,* 229 AD2d 554, 555). The fact that Cruz was unlicensed failed to demonstrate that he was negligent, as the absence or possession of a driver's license relates only to the authority for operating a vehicle, and not to its manner of operation (*see, Hanley v Albano,* 20 AD2d 644; *see also, Dalal v City of New York,* 262 AD2d 596).

The application to impose sanctions on Hailu and Marsha is without merit. S. Miller, J. P., Sullivan, Friedmann and Feuerstein, JJ., concur.