MARK BETHMANN, Respondent, v THE WIDEWATERS GROUP, INC., Appellant. [762 NYS2d 319] —Appeal from an order and judgment (one document) of Supreme Court, Onondaga County (Paris, J.), entered April 9, 2002, which awarded plaintiff compensatory damages upon a jury verdict.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff, a licensed real estate salesman, commenced this action against defendant, his former employer, alleging breach of an oral agreement and seeking to recover unpaid leasing commissions and wages. On appeal from an order and judgment awarding plaintiff compensatory damages,

defendant contends that a new trial should be granted based upon the prejudice accruing to it as a result of Supreme Court's evidentiary ruling allowing evidence of the non-licensure of two of defendant's other leasing agents who received the commissions claimed by plaintiff. Although the court reversed that evidentiary ruling following the close of proof and gave a curative instruction to the jury, defendant contends that the curative instruction was insufficient to alleviate the prejudice resulting from that evidentiary ruling.

Even assuming, arguendo, that the court erroneously resolved the evidentiary issue at the outset of the case, we conclude that any error in admitting the evidence of non-licensure did not prejudice defendant under the circumstances of this case. In any event, we further conclude that the court's curative instruction was sufficient to alleviate any prejudice that may have resulted from the proof of non-licensure (*see Genco v Millard Fillmore Suburban Hosp.* [appeal No. 2], 275 AD2d 920, 921 [2000], citing *Mena v New York City Tr. Auth.,* 238 AD2d 159, 160 [1997]). The court clearly and unequivocally instructed the jurors that the non-licensure issue was "not relevant or germane" to the case and should not be considered in their deliberations, essentially as requested by defendant in its written request to charge, and the jury is presumed to have followed the court's instructions (*see Martelly v New York City Health & Hosps. Corp.,* 276 AD2d 373 [2000]; *DiRende v Cipollaro,* 234 AD2d 78, 78-79 [1996], *lv denied* 90 NY2d 806 [1997]). Present—Pine, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.