■  GEORGE TOPCZIJ et al., Appellants, v MARCIA E. CLARK et al., Respondents. [814 NYS2d 425]—

Appeal from an order of the Supreme Court, Chautauqua County (Frederick J. Marshall, J.), entered December 15, 2004 in a personal injury action. The order denied plaintiffs' motion to set aside the jury verdict.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted, the verdict is set aside and a new trial is granted.

Memorandum: Plaintiffs commenced this action seeking damages for injuries they sustained when the vehicle driven by plaintiff husband in which plaintiff wife was a passenger collided with a vehicle driven by Marcia E. Clark (defendant). Following a jury trial, plaintiffs moved to set aside the jury verdict rendered in favor of defendants as against the weight of the evidence pursuant to CPLR 4404 (a) or, alternatively, they sought a directed verdict. We conclude that Supreme Court should have granted plaintiffs' motion to set aside the verdict as against the weight of the evidence. Defendants failed to provide the requisite nonnegligent explanation for the accident to support the verdict in their favor (see Matte v Hall, 20 AD3d 898 [2005]). Defendant testified that the road where the accident occurred "looked slippery" and that her vehicle began to slide on the

road almost immediately after entering it. "[S]lippery roadway conditions do not, alone, constitute an adequate [non]negligent explanation [for a collision], absent proof that the condition was unanticipated" (*Stringari v Peerless Importers*, 304 AD2d 413, 413 [2003]; *see Smith v Perfectaire Co.*, 270 AD2d 410 [2000]). Based on defendant's testimony, the verdict could not have been reached upon any fair interpretation of the evidence, i.e., there is no fair interpretation of the evidence that the slippery condition of the road was unanticipated (*see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]).

We note that plaintiffs have appealed only from the order denying their posttrial motion to set aside the verdict as against the weight of the evidence, and they did not raise their contentions concerning alleged errors in the court's charge in support of their posttrial motion. Plaintiffs' contentions with respect to the court's charge therefore are not properly before us on this appeal. We have reviewed plaintiffs' remaining contention concerning the alleged inflammatory testimony of a witness and conclude that it is without merit inasmuch as the jury is presumed to have followed the court's curative instruction with respect to that testimony (*see Bethmann v Widewaters Group*, 306 AD2d 923, 924 [2003]). Present—Gorski, J.P., Martoche, Smith, Green and Pine, JJ.