Thomas E. Tojek et al., Respondents, v Phyllis S. Root et al., Appellants. (Appeal No. 1.) [825 NYS2d 850]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered November 2, 2005 in a personal injury action. The judgment, upon a jury verdict, awarded plaintiffs damages in the amount of $730,508.52.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In an action to recover damages for personal injuries arising out of a motor vehicle accident, defendants, Clinton D. Root and Phyllis S. Root, appeal from a judgment of Supreme Court, entered upon a jury verdict in favor of Thomas E. Tojek (plaintiff), awarding damages in the amount of $730,508.52.

We reject the contention of defendants that the court erred in granting that part of plaintiffs' motion seeking a directed verdict on the issue of liability. Viewing the evidence in the light most favorable to defendants, we conclude that it establishes that the motor vehicle accident occurred on a four-lane divided road when a pickup truck, operated by Clinton D. Root (defendant), turned right from the left lane causing an equipment trailer, being pulled behind the pickup truck, to strike a United States postal vehicle operated by plaintiff. Thus, defendant was negligent by turning right from the left lane when it was not safe to do so (see generally White v Gooding, 21 AD3d 485 [2005]; Gomez v Sammy's Transp., Inc., 19 AD3d 544 [2005]; Trosty v Mendon Leasing Corp., 233 AD2d 318, 319 [1996]). Defendants failed to submit any evidence of negligence on plaintiff's part, and thus the court properly granted that part of plaintiffs' motion seeking a directed verdict on the issue of liability.

We reject the contentions of defendants that the court abused its discretion in precluding the testimony of their reconstruction expert and limiting the testimony of their examining physician. "The guiding principle is that expert opinion is proper when it would help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror" (*De Long v County of Erie*, 60 NY2d 296, 307 [1983]). The evidence in the record before us establishes that defendants' reconstruction expert would testify concerning the mechanics of how the accident occurred, which was not beyond the understanding of the typical juror and which was established by fact witnesses. Insofar as that witness would testify regarding the gravitational forces that plaintiff would experience in an accident of this type, there was no admissible testimony establishing how those forces were relevant to an issue in the trial, and thus the court properly precluded the reconstruction expert's testimony. In addition, the court did not abuse its discretion in limiting the testimony of defendants' examining physician to the information contained in his original report and defendants' CPLR 3101 (d) notice. Although the subject matter of the precluded testimony was contained in defendants' amended CPLR 3101 (d) notice, defendants failed to establish good cause for failing to provide that amended notice until the middle of trial (*see generally Dombrowski v Moore*, 299 AD2d 949, 950-951 [2002]; *Klatsky v Lewis*, 268 AD2d 410, 411 [2000]).

We also reject the further contention of defendants that the court deprived them of a fair trial by improperly instructing the jury on the issue of proximate cause. The court's jury instructions, evaluated as a whole (*see Nestorowich v Ricotta*, 97 NY2d 393, 400-401 [2002]; *Rivera v Eastern Paramedics*, 267 AD2d 1029, 1030 [1999]), conveyed the proper standard.

We have considered defendants' remaining contention and conclude that it is without merit. Present—Kehoe, J.P., Gorski, Martoche, Smith and Pine, JJ.