■ YVETTE HUFF, Appellant, v ANITA L. RODRIGUEZ, Formerly Known as ANITA L. ROSARIO, et al., Respondents. (Appeal No. 1.) [882 NYS2d 628]—

Appeal from a judgment of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered April 23, 2008 in a personal injury action. The judgment dismissed the complaint upon a jury verdict in favor of defendants on liability.

It is hereby ordered that the judgment so appealed from is reversed on the law without costs, the complaint is reinstated, and a new trial is granted on liability.

Memorandum: As we noted when this case previously was before us on appeal (*Huff v Rodriguez*, 45 AD3d 1430 [2007]), plaintiff commenced this action seeking damages for injuries she sustained in a motor vehicle accident while she was a passenger in a vehicle owned by defendant Enrique Rodriguez and operated by Anita L. Rodriguez, formerly known as Anita L. Rosario (defendant). Following a trial, the jury found defendant

100% liable for the accident and awarded plaintiff damages. On the prior appeal, we reversed the amended judgment and granted defendants' post-trial motion in part by, inter alia, setting aside the verdict on liability. We granted a new trial on liability and specified that, in the event that the new trial resulted in a finding of liability against defendants, a new trial on specified categories of damages was also granted unless plaintiff stipulated to reduce the award of damages for those categories to certain amounts (*id.*). Plaintiff stipulated to the reduction in damages and, following a new trial on liability, the jury found in favor of defendants. In appeal No. 1, plaintiff appeals from the judgment entered upon that jury verdict and, in appeal No. 2, plaintiff appeals from the order settling the record in appeal No. 1.

We note at the outset that we reject defendants' contention that all but one of plaintiff's contentions are not preserved for our review inasmuch as they were not raised in plaintiff's post-trial motion following the new trial on liability (*see* CPLR 4404 [a]). All of plaintiff's contentions on appeal are properly before us, either because they were raised in the post-trial motion or during the trial (*see Rochester Gas & Elec. Corp. v State of New York*, 225 AD2d 1047 [1996]).

Contrary to plaintiff's contention, Supreme Court did not abuse its discretion in granting a mistrial following the opening statement of plaintiff's attorney (*see generally Harris v Village of E. Hills*, 41 NY2d 446, 451 [1977]). Plaintiff's attorney stated therein that Roger M. Harriss, Jr., the driver of the vehicle that collided with the vehicle in which plaintiff was a passenger, would not be present at the trial because he was "serving a military tour in Iraq." In seeking a mistrial based on that statement, defendants' attorney contended that Harriss had in fact returned from Iraq. According to plaintiff's attorney, he had been informed by family members of Harriss that Harriss "[was] away, he [was] in military confinement," but he could not verify that Harriss was presently in Iraq. The court did not abuse its discretion in granting the mistrial on the ground of potential prejudice to defendants, i.e., "by indicating that . . . [Harriss] is an Iraq veteran and [the jury] won't be concentrating on the case." We note in any event that defendants' attorney stated that he would not question the absence of Harriss at the second of the new trials, which began the following day, and thus there was no need for plaintiff's attorney to explain the reason for Harriss's absence at that second new trial.

Contrary to plaintiff's further contention, the court properly allowed defendants' attorney to cross-examine a witness using

the medical records of that witness. The cross-examination concerned medications that the witness was taking at the time of the accident, in order to establish whether those medications affected her "ability to perceive and remember events" in connection with the accident (*Bivona v Nassau Ophthalmic Servs.*, 276 AD2d 455 [2000]; *see generally Badr v Hogan*, 75 NY2d 629, 634-635 [1990]). Inasmuch as those medical records were not admitted in evidence, we reject plaintiff's sole contention in appeal No. 2 that the court erred in refusing to include them in the record on appeal in appeal No. 1 (*see Matter of Gullo v Semon*, 265 AD2d 656, 657 [1999]; *cf. Fruin-Colnon Corp. v Niagara Frontier Transp. Auth.*, 180 AD2d 222, 225, 234 [1992]). We further conclude that plaintiff lacks standing to seek penalties based on the alleged violation of the witness's rights under the Health Insurance Portability and Accountability Act of 1996 ([HIPAA] 42 USC § 1320d *et seq.*).

Also contrary to plaintiff's contention, the court properly charged the jury pursuant to PJI 1:55 and 2:26 inasmuch as both charges were supported by the evidence submitted to the jury. PJI 1:55 was properly charged because there was evidence at trial that Harriss apologized for hitting defendant's vehicle and stated that he had not seen the vehicle, and those statements could be deemed admissions against interest. In addition, PJI 2:26 was properly charged because the Harriss vehicle struck defendant's vehicle while it was stopped (*see DiLillo v Reitman Blacktop*, 299 AD2d 517 [2002]; *Barile v Lazzarini*, 222 AD2d 635, 636 [1995]).

We agree with plaintiff, however, that comments made by defendants' attorney on summation warrant reversal. One day before opening statements, defendants' attorney acknowledged that he had received a report of plaintiff's accident reconstruction expert concluding "that the sole proximate cause of the accident was the . . . action of [defendant]." Plaintiff did not call her expert at trial and, during his summation, defendants' attorney stated that plaintiff failed to call that expert "because his testimony would not support [plaintiff's] claim that . . . [defendant] caused [the] accident." We note that plaintiff preserved her contention for our review (*see generally* CPLR 4017), and that even if she had failed to do so we would reach the issue in the interest of justice (*see generally Butler v County of Chautauqua*, 277 AD2d 964 [2000]). The comment by defendants' attorney was incorrect, and we are unable to conclude on the record before us that the comment did not influence the jury's verdict in this close case (*cf. Keeler v Reardon*, 49 AD3d 1211, 1213 [2008]; *Pagano v Murray*, 309 AD2d 910, 911 [2003]; *see*

*generally Weinberger v City of New York*, 97 AD2d 819, 820 [1983]; *Caraballo v City of New York*, 86 AD2d 580 [1982]).

In view of our determination, we do not reach plaintiff's contention that the verdict is against the weight of the evidence.

All concur except Smith and Pine, JJ., who dissent and vote to affirm in the following memorandum.

Smith and Pine, JJ. (dissenting). We respectfully dissent and would affirm the judgment inasmuch as we cannot agree with the majority that the comments of defendants' attorney during his summation warrant reversal. During his summation, defendants' attorney noted that he had been served with a notice that plaintiff would call an expert witness, and he thereafter stated that plaintiff failed to call her expert because the expert's testimony would not have supported her case. Contrary to plaintiff's contention, where a party retains an expert and gives notice of that expert to the opposing party, the failure to call the expert may be brought to the jury's attention (*see Sanders v Otis El. Co.*, 232 AD2d 327, 327-328 [1996], *lv denied* 89 NY2d 813 [1997]; *cf. Mason v Black & Decker [U.S.]*, 274 AD2d 622, 623 [2000], *lv denied* 95 NY2d 770 [2000]). The record establishes that, earlier in the trial, defendants' attorney had admitted that he received a report of plaintiff's expert in which the expert concluded "that the sole proximate cause of the accident was . . . the action of [defendant driver]." Although plaintiff's attorney did not make a specific objection to the statements of defendants' attorney during his summation, Supreme Court had earlier granted plaintiff's attorney an exception with respect to any "conversation" relating to plaintiff's expert. We thus assume, for purposes of this appeal, that the exception preserved for our review plaintiff's contention that defendants' attorney knowingly made a false statement during his summation. "Although we do not condone the . . . misconduct [of defendants' attorney], we are satisfied that such conduct . . . did not have an effect upon the jury's finding[ ] and, therefore, constituted harmless error" (*Kavanaugh v Nussbaum*, 129 AD2d 559, 561 [1987], *mod on other grounds* 71 NY2d 535 [1988]). We note in particular that, during his summation, plaintiff's attorney refuted the statements of defendants' attorney by informing the jury that the "expert was certainly prepared to state that [defendant driver's actions were] the sole and proximate cause of this accident" and that plaintiff's attorney did not call the expert to testify because, in his view, "it wasn't necessary."

Because we conclude that reversal is not required based on

the misconduct of defendants' attorney during his summation, we must address plaintiff's final contention that the verdict is against the weight of the evidence. We reject that contention inasmuch as "the evidence does not 'so preponderate in favor of plaintiff that the verdict could not have been reached upon any fair interpretation of the evidence' " (*Bizub v Baumer*, 38 AD3d 1209, 1210 [2007]; *see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). Present—Martoche, J.P., Smith, Centra, Fahey and Pine, JJ.