# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**209**
**CA 10-01812**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

STEPHEN MURDOCH, PLAINTIFF-APPELLANT,

V                                                     MEMORANDUM AND ORDER

NIAGARA FALLS BRIDGE COMMISSION,
DEFENDANT-RESPONDENT.

---

KANTOR & GODWIN, PLLC, WILLIAMSVILLE (STEVEN L. KANTOR OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

MORENUS, CONWAY, GOREN & BRANDMAN, BUFFALO (ROBERT E. GALLAGHER, JR.,
OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment and order (one paper) of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered December 16, 2009 in a personal injury action. The judgment and order, upon a jury verdict, dismissed the complaint in its entirety.

It is hereby ORDERED that the judgment and order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained while repairing a bridge owned by defendant. Supreme Court previously granted defendant's motion for summary judgment dismissing the complaint insofar as it alleged the violation of Labor Law § 240 (1) and § 241 (6) and, after the case proceeded to a bifurcated trial on liability on those parts of the complaint alleging the violation of Labor Law § 200 and alleging common-law negligence, the jury returned a verdict in favor of defendant. Plaintiff failed to preserve for our review his contention that the verdict is against the weight of the evidence inasmuch as he failed to make a timely motion to set aside the verdict on that ground (*see Homan v Herzig* [appeal No. 2], 55 AD3d 1413, 1413-1414; *Givens v Rochester City School Dist.*, 294 AD2d 898, 899) and, in any event, that contention lacks merit (*see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746; *Ruddock v Happell*, 307 AD2d 719, 720; *Jaquay v Avery*, 244 AD2d 730, 730-731). Plaintiff likewise failed to preserve for our review his contention that the references by defendant to plaintiff's employer during the trial violated the court's ruling in limine, inasmuch as he did not object to any such reference by defendant's attorney (*see* CPLR 5501 [a] [3]).

We reject the further contention of plaintiff that he is entitled to a new trial because defendant utilized certain undisclosed safety

documents, which were not received in evidence, while cross-examining plaintiff's safety expert.  The court gave plaintiff the option of moving for a mistrial, but plaintiff instead requested a curative instruction.  The court then gave a prompt curative instruction, which the jury is presumed to have followed, thus alleviating any prejudice to plaintiff resulting from defendant's brief references to the safety documents (*see Bethmann v Widewaters Group*, 306 AD2d 923, 924).

We agree with plaintiff, however, that the court erred in refusing to instruct the jury that the violation of a regulation promulgated by the Occupational Safety and Health Administration (OSHA) may constitute evidence of negligence (*see* PJI 2:29; *see generally Cruz v Long Is. R.R. Co.*, 22 AD3d 451, 453-454, *lv denied* 6 NY3d 703; *Landry v General Motors Corp., Cent. Foundry Div.*, 210 AD2d 898).  Plaintiff asserted claims based on defendant's violation of OSHA regulations in his bill of particulars, which was thereafter twice supplemented, and plaintiff's expert safety consultant testified with respect to the applicability of specific OSHA regulations to plaintiff's accident.  Nonetheless, we conclude that reversal is not required based on the court's error (*see* CPLR 2002).  Given the jury's determination that defendant did not have the authority to control the activity that caused plaintiff's injury, a proper charge concerning the effect of defendant's alleged regulatory violations would not have changed the jury's verdict (*see generally Stalikas v United Materials*, 306 AD2d 810, 811, *affd* 100 NY2d 626).

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court