# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

963

CA 11-00074

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, GORSKI, AND MARTOCHE, JJ.

---

YVETTE HUFF, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ANITA L. RODRIGUEZ, FORMERLY KNOWN AS ANITA L.
ROSARIO, AND ENRIQUE RODRIGUEZ,
DEFENDANTS-APPELLANTS.

---

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (PATRICK S. KENNEY OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

WAYNE C. FELLE, P.C., WILLIAMSVILLE (WAYNE C. FELLE OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Frank
A. Sedita, Jr., J.), entered October 8, 2010 in a personal injury
action.  The judgment determined defendants to be 100% negligent.

It is hereby ORDERED that the judgment so appealed from is
affirmed without costs.

Memorandum:  As we noted when this case was previously before us
on two prior appeals (*Huff v Rodriguez*, 64 AD3d 1221; *Huff v
Rodriguez*, 45 AD3d 1430), hereafter *Huff I* and *Huff II*, plaintiff
commenced this action seeking damages for injuries she sustained in a
motor vehicle accident that occurred while she was a passenger in a
vehicle owned by defendant Enrique Rodriguez and operated by Anita L.
Rodriguez, formerly known as Anita L. Rosario (defendant).  Following
a trial, the jury found defendants 100% liable for the accident and
awarded plaintiff damages.  On the first appeal, we reversed the
amended judgment and granted defendants' post-trial motion in part by,
inter alia, setting aside the verdict on liability.  We granted a new
trial on liability and specified that, in the event that the new trial
resulted in a finding of liability against defendants, a new trial on
specified categories of damages was also granted unless plaintiff
stipulated to reduce the award of damages for those categories to
certain amounts (*Huff I*, 45 AD3d at 1434-1435).  Plaintiff stipulated
to the reduction in damages and, following a new trial on liability,
the jury found in favor of defendants.  On appeal from the judgment
entered upon that jury verdict and an order settling the record, we
reversed the judgment based on the improper comments made by
defendants' attorney on summation and reinstated the complaint, and we
granted a new trial on liability (*Huff II*, 64 AD3d at 1223-1224).
Following the third trial, the jury found defendants 100% liable for

the accident.

On appeal from the judgment entered upon that jury verdict, defendants contend that Supreme Court committed reversible error in permitting plaintiff to introduce evidence that defendant did not possess a driver's license on the date of the accident. We reject that contention. It is well settled that "the absence or possession of a driver's license relates only to the authority for operating a vehicle, and not to its manner of operation" (*Almonte v Marsha Operating Corp.*, 265 AD2d 357; *see Firmes v Chase Manhattan Auto. Fin. Corp.*, 50 AD3d 18, 27, *lv denied* 11 NY3d 705; *Dalal v City of New York*, 262 AD2d 596, 597-598). Thus, the absence or possession of a driver's license is not relevant to the issue of negligence (*see Dance v Town of Southampton*, 95 AD2d 442, 447; *Phass v MacClenathen*, 274 App Div 535, 537-539; 1A NY PJI3d 2:26, at 287). The fact that a party does not possess a driver's license may, however, be relevant with respect to the issue of that party's credibility (*see Martin v Alabama 84 Truck Rental*, 47 NY2d 721; *Kenneth v Gardner*, 36 AD2d 575; *Phass*, 274 App Div at 537).

Here, plaintiff's counsel asked defendant on direct examination whether she had a New York State driver's license on the date of the accident. When defendant replied that she did, plaintiff's counsel confronted defendant with an abstract from the Department of Motor Vehicles (DMV), which indicated that defendant held a learner's permit, not a license, on the date of the accident. Over defendant's objection, the court then admitted the DMV abstract of her driving record (DMV abstract) in evidence. Although it was permissible for plaintiff's attorney to ask defendant whether she possessed a valid New York State driver's license at the time of the accident, plaintiff was bound by defendant's answer and should not have been permitted to impeach defendant by producing extrinsic evidence, i.e., the DMV abstract (*see generally Badr v Hogan*, 75 NY2d 629, 635-636; *Lichtman v Gibbons*, 30 AD3d 319; Prince, Richardson on Evidence, § 6-305 [Farrell 11th ed]).

We nevertheless conclude that reversal is not required inasmuch as the court properly instructed the jury that evidence concerning defendant's lack of a driver's license was not indicative of negligence, thereby alleviating any potential prejudice to defendants (*see generally Bethmann v Widewaters Group*, 306 AD2d 923). The court explained in the presence of the jury that, by ruling that the DMV abstract was admissible, it was not ruling "that [defendant] -- because she's unlicensed, that it had anything to do with the accident . . . In other words, ladies and gentlemen of the jury, you can be unlicensed, right, and still the operation of your vehicle has nothing to do with . . . negligence. . . ." After the close of proof, the court instructed the jury that "[e]vidence has been presented by the plaintiff that [defendant] did not have a New York driver's license at the time of [the] accident. [Defendant] testified that she had a valid New York [learner's] permit at the time of the accident[,] and [plaintiff] said that she was a licensed driver and that she was with [defendant] at the time of the accident. *Now, the absence or possession of a driver's license relates only to the authority for*

*operation and not to the manner of operation itself. In other words, the fact that [defendant] did not have a New York driver's license would not necessarily make her negligent unless you find that her operation of the motor vehicle in question was performed by her in a negligent manner*" (emphasis added). We conclude that the jury instructions, evaluated as a whole, conveyed the proper legal standard (*see generally Tojek v Root*, 34 AD3d 1210, 1211), and the jury is presumed to have followed those instructions (*see generally Murdoch v Niagara Falls Bridge Commn.*, 81 AD3d 1456, 1457, *lv denied* 17 NY3d 702; *Topczij v Clark*, 28 AD3d 1139).

Defendants further challenge the court's charge insofar as the court stated that "the fact that [defendant] did not have a New York driver's license would not *necessarily* make her negligent" (emphasis added). That contention is unpreserved for our review inasmuch as defendants failed to object to the charge prior to jury deliberations (*see Howlett Farms, Inc. v Fessner*, 78 AD3d 1681, 1682-1683; *Hageman v Santasiero*, 277 AD2d 1049; *see generally* CPLR 4110-b). After the court completed its charge, it asked the parties, outside the presence of the jury, if they had any requests or exceptions to the charge. Defendants' attorney requested a charge concerning admissions against interest, but no other requests or objections were made.

All concur except CARNI, J., who dissents and votes to reverse in accordance with the following Memorandum: I respectfully disagree with the conclusion of my colleagues that the introduction of evidence concerning defendant's lack of a driver's license on the date of the accident does not require reversal. I therefore dissent.

It is well settled that "a driver's license relates only to the authority for operation [of a vehicle] and not to the manner thereof, and the absence of a license is not even presumptive evidence of negligence" (*Hanley v Albano*, 20 AD2d 644, 645). Here, when plaintiff's attorney attempted to cross-examine Anita L. Rodriguez, formerly known as Anita L. Rosario (defendant), using a Department of Motor Vehicles (DMV) driving abstract (hereafter, DMV abstract), defendants' attorney objected on the ground that the lack of a driver's license was "immaterial to the happening of [the] motor vehicle accident" and "never admissible in court to establish fault." In overruling defendants' objection, Supreme Court stated, in the presence of the jury, "No, I disagree with you. Might the [jurors] . . . infer something from the fact that [defendant] is an unlicensed driver? They may." Although the court attempted to clarify its ruling on the admission in evidence of the DMV abstract, it compounded the error by stating, again in the presence of the jury, "My ruling is not that she -- because she's unlicensed, that it had anything to do with the accident, so you can certainly ask her if it turns out that she is unlicensed, you can certainly ask her about whether or not the operation of the vehicle, her operation as an unlicensed driver had anything to do with the accident[. ] I'm not precluding you from doing that. But I think it might be relevant to the jury that she was unlicensed . . . ."

Although there is authority for the proposition that proof of the

lack of a driver's license may be admitted on the issue of credibility (*see Martin v Alabama 84 Truck Rental*, 47 NY2d 721), the court must limit the jury's consideration of such evidence "solely on the issue of credibility" (*id.* at 722). That did not occur in this case. Indeed, the court's discussion of its ruling placed further improper emphasis upon the ability of the jury to consider defendant's lack of a license in connection with her operation of the vehicle.

In addition, the court later permitted plaintiff's expert accident reconstructionist to testify, over defendants' objection, that, upon learning that defendant did not possess a driver's license, he reached the additional conclusion "that [the] collision [was] consistent with driver inexperience." Subsequently during a conference with the court, the attorney for defendants further protested the jury's ability to consider the lack of a license in connection with the issue of negligence, and the court stated, "I don't think so. It kind of emphasizes the point I made, that [the jurors] could consider in evidence the fact that she didn't have a license but it would some way have to be based on operation of the vehicle. [The] conclusion [of plaintiff's expert accident reconstructionist] was that it shows that she had no experience when she -- or -- not say no experience, a lack of experience when she attempted to get across the lanes of Elmwood Avenue. Can they consider that? I think so. I think so. Is that determinative? No. But what you have to do is you have to put it all together and say -- conclude whether or not she was negligent in the operation of her vehicle." The court further stated that the jury could "consider the fact that [defendant] had no license" and that the jury "should know[] though that[,] as a matter of law[,] the fact that [an individual does not] have a license might have very, very little to do with the operation of [his or her] vehicle." To the contrary, however, the fact that one does not possess a license has absolutely nothing to do with the issue of negligence in the operation of a vehicle—as a matter of law (*see Firmes v Chase Manhattan Auto Fin. Corp.*, 50 AD3d 18, 27, *lv denied* 11 NY3d 705).

Further, the court charged the jury that defendant's lack of a driver's license "would not *necessarily* make her negligent unless [it] find[s] that her operation of the motor vehicle in question was performed by her in a negligent manner" (emphasis added). That is not a correct statement of the law, and it improperly and prejudicially instructed the jury that the lack of a license could be considered on the issue of negligence. I disagree with my colleagues that defendants' challenge to the charge was not preserved for our review. Such a challenge will be preserved if an objection is interposed to the ruling of the court on the same subject during the course of the trial (*see Elenkreig v Siebrecht*, 238 NY 254, 263; *Williams v City of New York*, 101 AD2d 835, 836). Here, defendants objected on multiple occasions during the course of the trial with respect to evidence concerning defendant's lack of a license and moved for a mistrial on that issue, thereby preserving their challenge to the charge for our review.

I would therefore reverse the judgment, grant defendants' post-

trial motion to set aside the verdict and grant a new trial on liability.

Entered:  October 7, 2011                          Patricia L. Morgan
                                                  Clerk of the Court