Memorandum:
As we noted when this case was previously before us on two prior appeals (Huff v Rodriguez, 64 AD3d 1221 [2009]; Huff v Rodriguez, 45 AD3d 1430 [2007]), hereafter Huff I and Huff II, plaintiff commenced this action seeting damages for injuries she sustained in a motor vehicle accident that occurred while she was a passenger in a vehicle owned by defendant Enrique Rodriguez and operated by Anita L. Rodriguez, formerly known as Anita L. Rosario (defendant). Following a trial, the jury found defendants 100% liable for the accident and awarded plaintiff damages. On the first appeal, we reversed the amended judgment and granted defendants’ post-trial motion in part by, inter alia, setting aside the verdict on liability. We granted a new trial on liability and specified that, in the event that the new trial resulted in a finding of liability against defendants, a new trial on specified categories of damages was *1275 also granted unless plaintiff stipulated to reduce the award of damages for those categories to certain amounts (Huff I, 45 AD3d at 1434-1435). Plaintiff stipulated to the reduction in damages and, following a new trial on liability, the jury found in favor of defendants. On appeal from the judgment entered upon that jury verdict and an order settling the record, we reversed the judgment based on the improper comments made by defendants’ attorney on summation and reinstated the complaint, and we granted a new trial on liability (Huff II, 64 AD3d at 1223-1224). Following the third trial, the jury found defendants 100% liable for the accident.
On appeal from the judgment entered upon that jury verdict, defendants contend that Supreme Court committed reversible error in permitting plaintiff to introduce evidence that defendant did not possess a driver’s license on the date of the accident. We reject that contention. It is well settled that “the absence or possession of a driver’s license relates only to the authority for operating a vehicle, and not to its manner of operation” (Almonte v Marsha Operating Corp., 265 AD2d 357 [1999]; see Firmes v Chase Manhattan Auto. Fin. Corp., 50 AD3d 18, 27 [2008], lv denied 11 NY3d 705 [2008]; Dalal v City of New York, 262 AD2d 596, 597-598 [1999]). Thus, the absence or possession of a driver’s license is not relevant to the issue óf negligence (see Dance v Town of Southampton, 95 AD2d 442, 447 [1983]; Phass v MacClenathen, 274 App Div 535, 537-539 [1948]; 1A NY PJI3d 2:26, at 287 [2011]). The fact that a party does not possess a driver’s license may, however, be relevant with respect to the issue of that party’s credibility (see Martin v Alabama 84 Truck Rental, 47 NY2d 721 [1979]; Kenneth v Gardner, 36 AD2d 575 [1971]; Phass, 274 App Div at 537).
Here, plaintiffs counsel asked defendant on direct examination whether she had a New York State driver’s license on the date of the accident. When defendant replied that she did, plaintiffs counsel confronted defendant with an abstract from the Department of Motor Vehicles (DMV), which indicated that defendant held a learner’s permit, not a license, on the date of the accident. Over defendant’s objection, the court then admitted the DMV abstract of her driving record (DMV abstract) in evidence. Although it was permissible for plaintiffs attorney to ask defendant whether she possessed a valid New York State driver’s license at the time of the accident, plaintiff was bound by defendant’s answer and should not have been permitted to impeach defendant by producing extrinsic evidence, i.e., the DMV abstract (see generally Badr v Hogan, 75 NY2d 629, 635-636 [1990]; Lichtman v Gibbons, 30 AD3d 319 [2006]; Prince, Richardson on Evidence § 6-305 [Farrell 11th ed]).
*1276 We nevertheless conclude that reversal is not required inasmuch as the court properly instructed the jury that evidence concerning defendant’s lack of a driver’s license was not indicative of negligence, thereby alleviating any potential prejudice to defendants (see generally Bethmann v Widewaters Group, 306 AD2d 923 [2003]). The court explained in the presence of the jury that, by ruling that the DMV abstract was admissible, it was not ruling “that [defendant] — because she’s unlicensed, that it had anything to do with the accident... In other words, ladies and gentlemen of the jury, you can be unlicensed, right, and still the operation of your vehicle has nothing to do with . . . negligence.” After the close of proof, the court instructed the jury that “[e]vidence has been presented by the plaintiff that [defendant] did not have a New York driver’s license at the time of [the] accident. [Defendant] testified that she had a valid New York [learner’s] permit at the time of the accident[,] and [plaintiff] said that she was a licensed driver and that she was with [defendant] at the time of the accident. Now, the absence or possession of a driver’s license relates only to the authority for operation and not to the manner of operation itself In other words, the fact that [defendant] did not have a New York driver’s license would not necessarily make her negligent unless you find that her operation of the motor vehicle in question was performed by her in a negligent manner” (emphasis added). We conclude that the jury instructions, evaluated as a whole, conveyed the proper legal standard (see generally Tojek v Root, 34 AD3d 1210, 1211 [2006]), and the jury is presumed to have followed those instructions (see generally Murdoch v Niagara Falls Bridge Commn., 81 AD3d 1456, 1457 [2011], lv denied 17 NY3d 702 [2011]; Topczij v Clark, 28 AD3d 1139 [2006]).
Defendants further challenge the court’s charge insofar as the court stated that “the fact that [defendant] did not have a New York driver’s license would not necessarily make her negligent” (emphasis added). That contention is unpreserved for our review inasmuch as defendants failed to object to the charge prior to jury deliberations (see Howlett Farms, Inc. v Fessner, 78 AD3d 1681, 1682-1683 [2010]; Hageman v Santasiero, 277 AD2d 1049 [2000]; see generally CPLR 4110-b). After the court completed its charge, it asked the parties, outside the presence of the jury, if they had any requests or exceptions to the charge. Defendants’ attorney requested a charge concerning admissions against interest, but no other requests or objections were made.
All concur except Garni, J., who dissents and votes to reverse in accordance with the following memorandum.