Memorandum:
The plaintiffs in each appeal commenced these actions seeking, inter alia, to recover damages pursuant to the Federal Employers’ Liability Act ([FELA] 45 USC § 51 et seq.) for injuries sustained by Frederick Bready and Brandon Harris *1387 (collectively, plaintiffs) when the vehicle in which plaintiffs were passengers was rear-ended in a chain reaction collision involving four vehicles. The vehicle in question was operated by former defendant Elaine C. Bailey, and Bailey and plaintiffs were acting in the course of their employment with defendant CSX Transportation, Inc. (CSX) at the time of the accident. The accident occurred while the vehicle operated by Bailey (hereafter, CSX vehicle) was stopped at an intersection for a red light.
Following discovery, CSX moved in each action for summary judgment dismissing the complaint and the cross claim against it on the ground that it was not negligent, and Supreme Court denied the motions. We reverse the order in each appeal.
“Under FELA, a jury is entitled to find negligence if a party’s actions ‘played any part, even the slightest, in producing the injury’ ” (Hotaling v CSX Transp., 5 AD3d 964, 967 [2004], quoting Rogers v Missouri Pacific R. Co., 352 US 500, 506 [1957]; see Canazzi v CSX Transp., Inc. [appeal No. 2], 61 AD3d 1347 [2009]). “[L]iability under the statute[, however,] is based on negligence and is not based solely on the fact that an employee is injured” (McCabe v CSX Transp., Inc., 27 AD3d 1150, 1150 [2006]).
“[W]here a vehicle is lawfully stopped, there is a duty imposed upon the operators of vehicles traveling behind it in the same direction to come to a timely halt” (Edney v Metropolitan Suburban Bus Auth., 178 AD2d 398, 399 [1991]). Here, it is undisputed that the CSX vehicle was lawfully stopped at the time of the accident and, even assuming, arguendo, that the traffic signal controlling the intersection had turned green immediately before the accident, Bailey had no duty to accelerate the CSX vehicle into the intersection at the precise moment that the traffic signal turned green (see generally Ruzycki v Baker, 301 AD2d 48, 49 [2002]). Inasmuch as there is no evidence that Bailey’s actions played any part in producing plaintiffs’ alleged injuries (see generally Hotaling, 5 AD3d at 967-968), we conclude that CSX met its burden of establishing entitlement to judgment as a matter of law in each action and that plaintiffs failed to raise an issue of fact in opposition to the motions (cf. Ramadan v Maritato, 50 AD3d 1620 [2008]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In doing so, we reject the dissent’s conclusion that evidence concerning the revocation of Bailey’s driver’s license prior to the accident supports the determination of the court denying the motions. Bailey’s status as an unlicensed driver is irrelevant to her operation of the CSX vehicle at the time of the accident (see Huff v Rodriguez, 88 AD3d 1274 [2011]; Almonte v Marsha *1388 Operating Corp., 265 AD2d 357 [1999]), and it does not create a triable issue of fact whether her actions played “ ‘even the slightest’ ” part in producing plaintiffs’ alleged injuries (Hotaling, 5 AD3d at 967, quoting Rogers, 352 US at 506; see generally Zuckerman, 49 NY2d at 562).
All concur except Sconiers and Green, JJ., who dissent and vote to affirm in the following memorandum.