Senycia v Vosseler (2023 NY Slip Op 03600)

Senycia v Vosseler

2023 NY Slip Op 03600

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, MONTOUR, AND OGDEN, JJ.

335 CA 21-01596

[*1]JEAN SENYCIA, PLAINTIFF-APPELLANT,
v
PHILIP VOSSELER, ET AL., DEFENDANTS, GREGORY NAGY AND GREN NAGY, DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 

CAMPBELL & ASSOCIATES, HAMBURG (JASON M. TELAAK OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (JEFFREY C. SENDZIAK OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from a judgment of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered October 15, 2021. The judgment dismissed the complaint against defendants Gregory Nagy and Gren Nagy upon a jury verdict. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained in a multi-vehicle collision. Plaintiff was the front-seat passenger in a motor vehicle operated by defendant Gregory Nagy (Nagy) and owned by defendant Gren Nagy (collectively, Nagy defendants). In November 2014, Nagy was driving the vehicle across Grand Island during a snowfall. As Nagy crested the north Grand Island Bridge, he observed multiple vehicles stopped ahead in the right lane; Nagy maneuvered his vehicle into the left lane, where it struck the guardrail and came to a stop. Nagy's vehicle was pinned against the guardrail by a tractor trailer, and was then struck from behind after a vehicle operated by defendant Philip Vosseler failed to stop and a chain-reaction accident occurred involving two vehicles that had come to a stop between Vosseler's car and Nagy's. At the conclusion of her proof at trial, plaintiff moved for a directed verdict on the ground that Nagy and Vosseler were not paying attention or driving at a reasonable speed under the conditions. Supreme Court denied the motion and the jury returned a verdict finding that neither Nagy nor Vosseler had acted negligently. Plaintiff moved to set aside the verdict as against the weight of the evidence, but the court denied that motion as well.
In appeal No. 1, plaintiff appeals from a judgment that, inter alia, dismissed the complaint against the Nagy defendants, upon the jury verdict. In appeal No. 2, plaintiff appeals from a judgment that, inter alia, dismissed the complaint against Vosseler, upon the jury verdict. In each appeal, plaintiff contends that the court committed reversible error in denying her motion for a directed verdict, in denying her motion to set aside the verdict, and in failing to instruct the jury on Vehicle and Traffic Law § 1180 (e). We reject plaintiff's contentions.
"[A] directed verdict is appropriate where the . . . court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (A & M Global Mgt. Corp. v Northtown Urology Assoc., P.C., 115 AD3d 1283, 1287 [4th Dept 2014] [internal quotation marks omitted]). In determining whether to grant such a motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (id.). In appeal No. 1, affording the Nagy defendants every [*2]inference that may properly be drawn from the evidence presented and considering the evidence in a light most favorable to them, we conclude that there is a rational process by which the jury could have found that Nagy did not act negligently. 
In appeal No. 2, plaintiff contends that the court erred in denying her motion for a directed verdict with respect to Vosseler. "[T]he rearmost driver in a chain-reaction collision bears a presumption of responsibility . . . , and . . . a rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle, and imposes a duty on the operator of the moving vehicle to come forward with an adequate, [nonnegligent] explanation for the accident" (Gustke v Nickerson, 159 AD3d 1573, 1574-1575 [4th Dept 2018], lv denied in part & dismissed in part 32 NY3d 1048 [2018] [internal quotation marks omitted]; see Zanghi v Doerfler, 158 AD3d 1275, 1276 [4th Dept 2018]). Here, Vosseler proffered a nonnegligent explanation for the accident (cf. Topczij v Clark, 28 AD3d 1139, 1139-1140 [4th Dept 2006]; see generally Miller v Steinberg, 164 AD3d 492, 493 [2d Dept 2018]; Orcel v Haber, 140 AD3d 937, 937-938 [2d Dept 2016]) and we conclude that there is a rational process by which the jury could have found that Vosseler did not act negligently.
A motion to set aside a verdict rendered in favor of a defendant as against the weight of the evidence (see CPLR 4404 [a]) may be granted "only when the evidence so preponderated in favor of the plaintiff that [the verdict] could not have been reached on any fair interpretation of the evidence" (Tozan v Engert, 188 AD3d 1659, 1660 [4th Dept 2020]; see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]). With respect to appeal No. 1, in light of the conflicting testimony regarding the speed of Nagy's vehicle, it cannot be said that the evidence so preponderated in favor of plaintiff that the jury's verdict could not have been reached on any fair interpretation of the evidence (see Long v Niagara Frontier Transp. Auth., 81 AD3d 1391, 1392 [4th Dept 2011]; see generally Berner v Little, 137 AD3d 1675, 1676 [4th Dept 2016]). Similarly, with respect to appeal No. 2, we conclude that the jury's finding that Vosseler was not negligent was "not palpably irrational or wrong" (Clark v Loftus, 162 AD3d 1643, 1644 [4th Dept 2018] [internal quotation marks omitted]; see Lesio v Attardi, 121 AD3d 1527, 1528 [4th Dept 2014]).
Further, even assuming, arguendo, that the court erred in failing to instruct the jury on Vehicle and Traffic Law § 1180 (e), any error was harmless inasmuch as "a substantial right of a party [was] not prejudiced" (CPLR 2002; see Nestorowich v Ricotta, 97 NY2d 393, 400-401 [2002]; Solecki v Oakwood Cemetery Assn., 192 AD3d 1606, 1607 [4th Dept 2021]; Murdoch v Niagara Falls Bridge Commn., 81 AD3d 1456, 1457-1458 [4th Dept 2011], lv denied 17 NY3d 702 [2011]). In addition to charging the jury on Vehicle and Traffic Law § 1180 (a), the court charged the jury regarding negligence, foreseeability, and the general duties of motorists to one another, including the duty to operate a motor vehicle "with reasonable care, having regard to the actual and potential hazards existing from the weather, road traffic and other conditions," as well as the "duty to maintain a reasonably safe rate of speed." Accordingly, " 'the charge as a whole adequately explain[ed] [applicable] negligence principles' such that we are 'confident in concluding that [any error] . . . did not affect the jury's verdict' " (Solecki, 192 AD3d at 1607, quoting Reis v Volvo Cars of N. Am., 24 NY3d 35, 43 [2014], rearg denied 24 NY3d 949 [2014]).
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court